## McIntosh *vs.* The State.

| 52 | 355|
|105 | 69|
| 52 | 355|
|134 | 136|

### Indictment for Larceny.

1. *Confessions of guilt; what admissible.* — Where the owner of stolen property not suspecting the defendant, offered him a reward if he would get the property and thief, and the defendant a few days thereafter brought back the property and demanded the reward, and on being refused because he had not brought the thief, replied that *he* was the thief, and again demanded the reward, such declarations are properly admitted against him, on a trial for the larceny of the property, as confessions of guilt.

2. *Same.* — It is not error to instruct the jury that they must take the confessions in connection with other evidence in the case, and give it such weight as they might think proper.

3. *Sentence; what sufficiently definite.* — A sentence to hard labor for the county for a given period, and also for a " sufficient length of time to pay all the costs and officer's fees in the case, not exceeding forty cents per day," in the absence of any objection in the court below, is sufficiently certain, and will not be disturbed by the appellate court.

APPEAL from Circuit Court of Wilcox.

Tried before HON. JOHN K. HENRY.

The appellant was convicted of the larceny of a saddle, the property of one Tom Smith. On the trial the State introduced the owner of the saddle, who testified that it and the blanket were stolen from his horse ; " that he told defendant, a negro house servant aged about nineteen years, who was not suspected, if he would find the thief and the saddle he would give him five dollars, and about one week thereafter defendant brought back the saddle, and asked for the .reward ; that witness refused to pay the money unless he brought back the thief ; that defendant then said *he* was the thief, whereupon witness refused to give him the five dollars, saying he would not pay a man for stealing his saddle." The court permitted these declarations to go the jury as confessions of guilt, against the objection and exception of defendant. Referring to these declarations, the court charged the jury that they "must take such confessions in connection with the other evidence in the case, and give them such weight as they thought them entitled to." The defendant excepted to the giving of this charge.

The judgment-entry shows that the defendant was sentenced to hard labor for the county, " for and during the period of three months, and is further sentenced to hard labor for said county for a sufficient length of time to pay all the costs and officer's fees in this case, at not exceeding forty cents per day."

No objection was taken to this judgment in the court below, but it is now insisted that it is insufficient.

JOHN McCASKILL, for appellant. — The confession appears to have been made with the hope of worldly advantage of a temporal nature, and should have been excluded. Greenleaf Ev. § 220. The judgment-entry should show on its face for what time the defendant was to be held in custody. It is too uncertain. One has to consult other record evidence to ascertain what the effect of the sentence is.

JOHN W. A. SANFORD, Attorney General, *contra.* — The acts and declarations of the prisoner were properly received as confessions of guilt. 35 Ala. 399 ; 40 Ala. 314 ; *Franklin* v. *State*, 28 Ala. 8. The offer was not made to induce the confession. No efforts had been made to procure one. It was *voluntary*, and made deliberately. No objection was made to the sentence in the court below.

JUDGE, J. — The reward offered was for the delivery of the saddle and the detection of the thief, and not to induce a confession of guilt from the prisoner, who was not even suspected of being the guilty party. The confession was voluntarily made, without the appliances of hope or fear, by any other person, and the circuit court did not err in permitting it to be introduced as evidence. Nor did the court err in its charge given to the jury, that they must take the confession in connection with the other evidence in the case, and give it such weight as they might think it entitled to.

. The court sentenced the prisoner to three months' hard labor for the county of Wilcox, and then imposed additional hard labor for the county for a term sufficient to cover all costs and officers' fees in the case, allowing not exceeding forty cents per diem for the additional labor imposed. This was in strict conformity to section 4061 of the Revised Code, if the costs were not presently paid. It does not appear from the record that the costs were, or were not paid ; and, as to this question, in the absence of an objection in the court below, we must presume in favor of the correctness of the sentence.

It was not necessary, as is contended, that the court should have prescribed the precise number of days for the additional labor. The costs were to be taxed by the clerk, for which the labor of the prisoner was to pay, at a compensation therefor of not exceeding forty cents per diem. This was sufficiently certain.          Let the judgment be affirmed.