# Bradford v. The State.

*Indictment for an Attempt to commit Crime against Nature.*

1. *Indictment; sufficiency when charging attempt to commit crime.*— An indictment, which charges that the defendant, "against the order of nature, attempted to carnally know a certain beast, to-wit, a cow," without stating any particular act constituting the attempt, is sufficient.

2. *Confessions; admissibility.*—In criminal cases, all confessions by defendants are *prima facie* involuntary and inadmissible; and, unless the objection is waived, will not be received in evidence until it is shown to the court that they were voluntarily made.

3. *Same; objection that they were incompetent and illegal, sufficient.*— In a criminal case the defendant's objection to the introduction of his confessions in evidence on the ground that the evidence was incompetent and illegal, is not so general an objection as to waive defendant's right to the preliminary proof that such confessions were voluntarily made, before they could be admitted.

4. *Same; corpus delicti must be proved.*—Before confessions, if shown to have been voluntarily made, are admissible in evidence, the *corpus delicti* must be proved *aliunde*; but positive, direct evidence thereof is not indispensable, and when facts and circumstances are proven from which a jury may legally infer the offense has been committed, the confessions are admissible.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellant in this case was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment that Wallace Bradford, against the order of nature, attempted to carnally know a certain beast, to-wit, a

[Bradford v. The State.]

cow, against the peace and dignity of the State of Alabama.''　The second count of the indictment is the same, except the beast referred to therein is a heifer.　The defendant demurred to the indictment on the grounds: (1), that it failed to allege that the crime against nature had been committed; (2), because the indictment merely charges defendant with an attempt to commit the crime; and, (3), because the indictment states no facts showing that an attempt was made to commit the crime against nature.　This demurrer was overruled, and the defendant duly excepted.

J. R. Hicks, a witness for the State, after testifying to facts tending to show that the defendant was guilty as charged in the indictment, and further, that he was standing at his lot gate when the defendant came out of the cow stable following the heifer, with his private parts exposed, the solicitor for the State asked the witness the following question: "If there was any conversation between you and the defendant, as to what he had been doing, just after he came out of the stable, state what the conversation was?"　The defendant objected to this question ''because it was irrelevant, immaterial, incompetent and illegal, and because the State had failed to show that the crime charged in the indictment had been committed.''　The court overruled this objection, and the defendant duly excepted.　The witness then answered: "When the defendant came out of the stable, I showed him, and asked him what he had been doing, and he said, 'Well, you have caught up with me.' ''　The defendant moved to exclude this testimony from the jury, which motion the court overruled, and the defendant duly excepted.

After the return of the verdict of guilty by the jury, the defendant moved the court to set aside said verdict on the ground, among others, that the jury did not deliver their said verdict to the clerk of the court; but to some person who was not authorized by law to receive the said verdict.　The court overruled this motion, and the defendant duly excepted.

T. C. SENSABAUGH, for appellant, cited, *Coburn v. Harwood*, Minor, 94; *Davis v. Brown*, 27 Ohio St. 326; *Estes v. Carter*, 10 Iowa 400; Code of 1886, § 4192.

[Bradford v. The State.]

Wm. L. Martin, Attorney-General, for the State, cited *Jackson v. The State*, 91 Ala. 55.

HEAD.—There is no valid objection to the indictment in this case.—*Jackson v. State*, 91 Ala. 55; Clark's Manual Cr. Law, § 274, and cases cited.

The defendant's objections to the introduction of his confessions were based upon the grounds that the evidence was irrelevant, immaterial, incompetent and illegal, and because the State had failed to show that the crime charged in the indictment had been committed. The question is whether these were sufficient to raise the objection that the confessions were not shown to have been voluntary; or, in other words, whether the prisoner waived the required preliminary proof, by the generality of his objections. The rule is well recognized that confessions in criminal cases are *prima facia* inadmissible; and, unless waived, will not be received until the court, proceeding with great care and caution, is made satisfied by evidence that they were entirely voluntary. See the strong language used in following cases: *Bonner v. State*, 55 Ala. 242; *Young v. State*, 68 Ala. 569; *Brister v. State*, 26 Ala. 107; *Owen v. State*, 78 Ala. 425; *Wilson v. State*, 84 Ala. 426; *Amos v. State*, 83 Ala. 1. In the case last cited, there was a mere general objection to the evidence of the confessions, specifying no ground; and this court reversed the judgment, for error in overruling it, because there had been no proper predicate laid for the introduction of confessions. In the present case, we have seen, the defendant objected on the grounds, with others, that the testimony was incompetent and illegal. When this was done, we hold the court ought to have required satisfactory proof, according to the spirit and intent of the above named decisions, that the confessions were voluntarily made before admitting them, and erred in not doing so.

There was sufficient evidence of the *corpus delicti*, independent of the confessions, to render the latter admissible, if they had been proven voluntary.—*Ryan v. State*, 100 Ala. 94.

We need not pass upon the qustion raised touching the reception of the verdict, as surely such thoughtless conduct on the part of the jury and bailiff will not be repeated. In the face of an argrement that the jury might

[Martin v. The State.]

deliver their verdict sealed to the clerk of the court, if found during the recess or adjournment, they delivered it to the person who was attending them as bailiff, and separated. This occurrence suggests the propriety of care on the part of the courts to see that juries are well instructed in what they are to do, when they are to act upon agreements of this kind.

For the error mentioned the judgment is reversed and the cause remanded. Let the defendant remain in custody until discharged by due course of law.

Reversed and remanded.

