# McKinney *v.* The State.

*Indictment for Arson.*

1. *Confession; when shown to be voluntary.*—A statement made by a sheriff in a conversation with the defendant, while the latter was in his custody under a charge for another and different offense and before any charge had been preferred against him in the pending case, that he, the sheriff, understood that a reward or $500 had been offered for the arrest of the person who committed the offense charged in the present indictment, and that it was his custom to divide the reward with those who helped him to find out the guilty person, is a promise of a collateral benefit to the defendant and offers no hope or favor in respect to the charge for which he was being tried; and such promise does not render the confession subsequently made by the defendant involuntary, and, therefore, inadmissible in evidence.

2. *Voluntary confessions; what a question for the jury and what for the court.*—As to whether or not a confession made by a defendant is voluntary or involuntary, is a preliminary question addressed to the court, and after the introduction of such confession the weight that shall be accorded it is a question for the jury; and charges which refer the admissibility of confessions in evidence to the jury are erroneous and properly refused.

APPEAL from the County Court of Clay.

Tried before the Hon. M. N. MANNING.

The appellant in this case was indicted, tried and convicted of arson in the second degree in setting fire to and burning a storehouse containing a stock of goods of the value of $3,000.

On the trial of the case the burning of the storehouse and the ownership thereof was proved as laid in the indictment.

Upon the introdction of W. D. Mayo he testified that he was the sheriff of Clay county at the time the defendant in this case was arrested; that he was arrested on a charge for burning a gin house owned by one Rich-

ards; that while he was in jail on the charge for burning said gin house, the witness had a conversation with the defendant; that he did not offer him any inducements whatever, nor did he make any threats to get him to whatever, nor did he make any threats to get him to make any statement; that he, the witness, went to the jail to feed the defendant, was alone and unarmed; that in this conversation the defendant told the witness that he set fire to and burned the storehouse of Mr. Wilson, the burning of which was charged in the indictment in the present case. The witness then gave in detail the confession of the defendant as made at that time.

On the cross-examination of the witness Mayo, he testified that after he had arrested the defendant on the charge of burning Richard's gin hose, and while he was carrying him to jail, he said something to him about the burning of Wilson's store, and in the conversation the defendant said something that made the witness believe that he knew who did the burning, and then continuing, the witness testified as follows: "I suggested that I understood there was a $500 reward and that it had been my custom after a matter of that kind had occurred to divide the reward with those who helped me to locate the parties."

The defendant objected to the introduction in evidence of the confession of the defendant made to the witness Mayo, upon the ground that it was not shown to have been voluntary. The court overruled the objection and witness the defendant moved to exclude the testimony of the witness Mayo as to the confession made by the defendant, upon the grond that it was not shown to have been voluntary. The court overruled the objection, and the motion, and to each of these rulings the defendant separately excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe from the evidence that any inducements were offered to the defendant to procure a confession from the defendant, then the jury must not consider such confession against the defendant." (2.) "If the jury believe from the evidence that any

[McKinney v. The State.]

threats were made against the defendant to induce him to make confessions, then the jury must not consider such confession against the defendant." (3.) "The court charges the jury that before the defendant can be convicted on a confession, the confession must be shown to have been made voluntarily, without having been influenced by threats or promises of reward."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Burton v. State*, 107 Ala. 108; *Golson v. State*, 124 Ala. 8; *Stone v. State*, 105 Ala. 69; *Bob v. State*, 32 Ala. 560; *Washington v. State*, 53 Ala. 29; *Levison v. State*, 54 Ala. 520.

DOWDELL, J.—In a criminal case, a confession that is made on a promise of some collateral benefit to the defendant, no hope or favor being held out in respect to the criminal charge against him, is not considered involuntary, and is, therefore, admissible in evidence. 1 Greenleaf on Ev., (16th ed.), page 359, § 2206; *McIntosh v. State*, 52 Ala. 355; *Stone v. State*, 105 Ala. 60.

The admissibility of the confession in evidence, is a preliminary question, and is addressed to the court. What weight shall be accorded it, when admitted in evidence, is a question for the jury.—*Burton v. State*, 107 Ala. 108; 1 Brick. Dig., 509, § 858 *et seq.*

The statement made by the sheriff in a conversation with the defendant, while the latter was in his custody under a charge for another and different offense, and before any charge had been preferred against him in the present case, that he, the sheriff, understood that a reward of $500 had been offered, and that it was his custom to divide the reward with those who helped him to find out the guilty parties, if considered as a promise to the defendant, it held out to him no hope of escape from a conviction or of lessening his punishment in the particular case. The benefit to be derived was simply collateral, and as was said in *McIntosh v. State*,

*supra*, the confession was voluntarily made, without the appliances of hope or fear.

The charges requested by the defendant were properly refused, as they referred the admissibility of the confession to the jury; a question exclusively for the determination of the court.—*Bob v. State*, 32 Ala. 560; *Washington v. State*, 53 Ala. 29; 1 Brick. Dig., 509, §§ 858 *et seq*.

We find no error in the record, and the judgment must be affirmed.

