(109 So. 366)

## BOZEMAN v. STATE.   (5 Div. 574.)

(Court of Appeals of Alabama. June 1, 1926. Rehearing Denied June 29, 1926.)

**1. Intoxicating liquors ⊂⇒238(1).**

Guilt of defendants, charged with violating prohibitory law, *held* for jury, where his evidence was in direct conflict with that of state witnesses.

**2. Criminal law ⊂⇒531(1)—Confessions will not be received till court is satisfied that they were voluntary.**

Confessions are prima facie inadmissible, and, unless waived, will not be received till court is satisfied by evidence that they are entirely voluntary.

**3. Criminal law ⊂⇒1158(4)—Confession, admitted in evidence at trial, will not be held inadmissible on appeal merely because accused said he was threatened and frightened into making it.**

Where confession was admitted after state laid full and complete predicate, it will not be *held* inadmissible by Court of Appeals merely because accused testified that he was threatened and frightened into making it.

**4. Criminal law ⊂⇒1172(2)—Charge that confession could not be considered unless found to be voluntary, though unnecessary, held not prejudicial to defendant.**

Charge that confession could not be considered unless found to be voluntary, though unnecessary because court, by admitting it, decided that it was voluntary, *held* not prejudicial to defendant.

**5. Criminal law ⊂⇒736(2).**

Admissibility of confessions *held* for court.

**6. Criminal law ⊂⇒741(3).**

Weight and credibility of confessions *held* for jury.

**7. Criminal law ⊂⇒829(1).**

Refusal of charge which was fairly and substantially covered by oral charge *held* not reversible error.

Appeal from Circuit Court, Elmore County; G. F. Smoot, Judge.

L. D. Bozeman was convicted of violating the prohibition laws, and he appeals. Affirmed.

Huddleston & Glover, of Wetumpka, for appellant.

Confessions are prima facie inadmissible. Beckham v. State, 100 Ala. 15, 14 So. 859; Young & Griffin v. State, 68 Ala. 569. Defendant's requested charges should have been given. Taylor v. State, 149 Ala. 32, 42 So. 996; Watts v. State, 177 Ala. 24, 59 So. 270; Maddox v. State, 20 Ala. App. 497, 103 So. 99.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There is no error in refusal of charges covered by charges already given. Dubose v. State, 20 Ala. App. 195, 101 So. 911. Misleading and argumentative charges are properly refused. Gilchrist v. State, 20 Ala. App. 233, 101 So. 906; Shaw v. State, 19 Ala. App. 581, 99 So. 319. The court had jurisdiction

of the offense and defendant was present in court. Ex parte Chandler, 114 Ala. 10, 22 So. 285. The presumption is in favor of the court's ruling on admissibility of the confession. Caraway v. State, 20 Ala. App. 362, 101 So. 912. The weight of conflicting statements as to the voluntary character of the confession was for the jury. Harvey v. State, 20 Ala. App. 264, 101 So. 512.

BRICKEN, P. J. There was a general verdict by the jury of guilty as charged in the indictment. Judgment of conviction, and sentence of defendant, were pronounced and entered accordingly, and defendant appealed. The indictment contained two counts; one for distilling spirituous liquors, and the other for unlawful possession of a still to be used for that purpose.

[1] The evidence adduced by the state was direct and positive and tended to make out every element of the offenses charged against this appellant. The defendant denied all knowledge and connection with the acts complained of, and this conflict presented questions for the determination of the jury.

[2] As to the alleged confession of the accused, the rule is well recognized that confessions in criminal cases are prima facie inadmissible, and, unless waived, will not be received until the court, proceeding with great care and caution, is made satisfied by evidence that such confessions were entirely voluntary. Bradford v. State, 104 Ala. 68, 16 So. 107, 53 Am. St. Rep. 24; Carr v. State, 17 Ala. App. 539, 85 So. 852. In other words, the question as to whether confessions are voluntary or not is one exclusively for the court, and they should not be allowed to go to the jury until the prima facie presumption against their admission has been removed, and the evidence in this connection should be sufficient to show that they are voluntary and not constrained, or, in other words, are free from the influence of hope or fear, applied to the mind of the accused by a third person.

[3] In the instant case, we note from the record that a full and complete predicate was laid by the state through its witnesses. This predicate fully met the required rule, and it is our opinion that the court properly admitted the alleged confession of defendant into evidence. It is true that later, when the defendant took the stand to testify in his own behalf, he gave evidence of facts tending to show that he was threatened and frightened into making the alleged statement, and in this connection we are asked, in effect, to take the defendant's statement and accept his version to the exclusion of the evidence given by the state's witnesses on this question. We are not authorized so to do and perforce must hold that the court's rulings here complained of were without error. The confessions were properly allowed.

Several rulings of the court upon the admission of the evidence and to which exceptions were reserved are complained of as being error. Each of the court's rulings have been examined, and we discover no error in any of them calculated or tending to injuriously affect the substantial rights of the defendant. We do not deem it necessary to discuss these rulings in detail.

Refused charge 1 was the affirmative charge and was properly refused.

Under authority of Edwards v. State, 205 Ala. 160, 87 So. 179, charge 4 was also properly refused.

Refused charge 8 was abstract and also argumentative. Moreover, it is a charge on the burden of proof, and the rule of law governing the question of the burden of proof necessary to a conviction in a criminal case was fully and correctly stated by the court in the oral charge.

[4] On the subject contained in the first "not numbered" charge, which for the purpose of identification we here designate as charge A, the court in the oral charge stated:

"There has been testimony admitted as to the alleged confession of the defendant. Before this confession can be considered by the jury, it must be found that it was voluntarily made, and not induced by threats or by inducements or hope of reward."

[5, 6] The not numbered given charge also covers fully this refused charge. This, of course, fairly and substantially covered said charge. The statement in the oral charge was not necessary, but was favorable to defendant, and therefore without injury. The court had already passed upon the admissibility of the alleged confessions and by its rulings held that the predicate for the introduction of such confessions met the required rule. This is the prerogative of the court, and the question of the admissibility of confessions is exclusively for the determination of the court. The probative force—the weight and credibility—thereof is for the jury. Bob v. State, 32 Ala. 560; Redd v. State, 69 Ala. 255; McKinney v. State, 134 Ala. 134, 32 So. 726; Hunt v. State, 135 Ala. 1, 33 So. 329; Carr v. State, 17 Ala. App. 539, 85 So. 852; Rice v. State, 204 Ala. 104, 85 So. 437. In other words, as to confessions, the rule is: Admissibility for the court; weight and credibility for the jury.

[7] Second and third not numbered charges (here marked B and C), on the question of the good character of defendant, were fairly and substantially covered by the oral charge of the court. The court was under no duty to give this charge, as the statute expressly provides the refusal of a charge, though a correct statement of the law, shall not be cause for reversal on appeal, if it appears that the same rule of law was substantially and fairly given to the jury in the court's general

charge or in charges given at the request of parties.

A careful study of this record convinces us that this defendant was accorded a fair and impartial trial; that no prejudicial error appears. We regard, therefore, the action of the court in overruling the motion for a new trial as being proper.

Affirmed.