(110 So. 478)

**LEDBETTER v. STATE.   (7 Div. 216.)**

(Court of Appeals of Alabama.   Aug. 31, 1926. Rehearing Denied Oct. 26, 1926.)

**1. Criminal law ⬨⟿781(5).**

Charges predicating acquittal on hypothesis that jury believed alleged confession to have been involuntary are well refused, admissibility being for court.

**2. Criminal law ⬨⟿531(3).**

Where voir dire of witnesses justified conclusion that confession of ownership of still

and other inculpatory, statements were voluntarily made, their admission was not error.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

L. E. Ledbetter was convicted under an indictment charging manufacturing liquor and possessing a still, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ledbetter v. State, 110 So. 479.

Pinkney Scott, of Bessemer, for appellant.

A confession is admissible only when shown to have been voluntarily made. Kelly v. State, 72 Ala. 244. Argument of counsel upon facts not in evidence is improper. Cross v. State, 68 Ala. 476; Dollar v. State, 99 Ala. 236, 13 So. 575.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The confession of defendant was properly admitted. Stone v. State, 208 Ala. 50, 93 So. 706; May v. State, 209 Ala. 72, 95 So. 279. The argument of the solicitor was in answer to argument of defendant's counsel; it was not improper. Byrd v. State, 209 Ala. 65, 95 So. 655; Thomas v. State, 19 Ala. App. 187, 96 So. 182.

RICE. J. [1] Since it is exclusively within the province of the trial court to determine the admissibility of inculpatory statements and confessions, charges predicating an acquittal upon the hypothesis that the jury believe an alleged confession of the defendant to have been involuntarily made, are well refused. McKinney v. State, 134 Ala. 134, 32 So. 726.

[2] The defendant had a general verdict of guilt returned against him, under an indictment charging manufacturing liquor and possessing a still. Several officers were in the raiding party. Each testified that the still was in full operation; that defendant was present near to it; and that his clothing was smutty and stained with beer slops, the raw product from which liquor was being distilled. Each officer was subjected to a voir dire examination preliminary to detailing a confession of ownership of the still and other inculpatory statements made by defendant at the time of his arrest. The voir dire of the several witnesses was sufficient to justify the conclusion of the trial court that the statements attributed to the defendant were voluntarily made. Such statements were hence admitted without error.

Several objections were registered against the argument of the solicitor to the jury. We have carefully examined the remarks brought into question without finding any of them subject to condemnation. We do not deem it necessary or advisable to give detailed treatment to these questions.

We find no error. The judgment is affirmed.

Affirmed.