(126 So. 614)

**MONROE v. STATE.**
**7 Div. 585.**

Court of Appeals of Alabama.
March 4, 1930.

Chas. J. Scott and J. A. Johnson, both of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense denounced by section 49 of the Act of the Legislature of Alabama approved August 23, 1927, known as "The Alabama Highway Code" (Gen. Acts Ala. 1927, pp. 348 to 408) ; the particular section under which he was convicted being codified in "Alabama Code of 1928" as section 1397(51), "Reckless Driving."

There was no demurrer interposed to the complaint, nor did appellant introduce any testimony.

The case made by the testimony offered on behalf of the state was that an automobile, owned by appellant, and in which he was at the time riding, but which was being driven by another, was driven carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others, etc., upon the certain named occasion in question. Code 1928, § 1397 (51).

Appellant here and in the lower court contends, and contended, that a conviction cannot rest against him on such testimony without more.

We have been unaided by any brief filed on behalf of the state, but, as best we can gather from the adjudicated cases, the law on the question presented seems to be, in our state, substantially as laid down in 42 Corpus Juris, p. 1310, § 1228 C, to wit: * * * "The Legislature may prohibit an act or impose a duty in such words as to make the prohibition or duty absolute, in which case the owner may, as master, be liable, although the act is done by his servants; and under the rule that all who participate in the commission of a misdemeanor are principals and may be charged as such, where the offense is a misdemeanor, the owner of the car * * * who is occupying it but not driving it, may be guilty as a principal." To this statement of the law is cited, as sustaining authority, our own case of Goodman v. State, 20 Ala. App. 392, 102 So. 486, 487; and Com. v. Sherman, 191 Mass. 439, 78 N. E. 98, 99.

In the Goodman Case we said: "In law the owner of an automobile is liable if the vehicle is being operated by such owner or under his control, *and in all cases where the owner is present he is liable for a noncompliance with a statute*, unless the operator disobeys his instructions, *as the owner is in control of the vehicle*"—citing 28 Cyc. 38, E. (Italics supplied).

In the Sherman Case, supra, the Supreme Judicial Court of Massachusetts used this language: "The question therefore comes down to this: Did the commonwealth make out a prima facie case of participation by the defendant in the machine in question being run at an illegal speed, by showing that the machine was being run by the operator at an illegal speed while the defendant was in the tonneau? (who was either the general owner of the machine or had such a special property in it as gave him the right to control it). In our opinion those facts warranted the inference that the owner knew and allowed his machine to be illegally run. The case so made out is a prima facie case only. It may be contradicted or explained. But uncontradicted and unexplained it does, in our opinion, warrant that inference and so makes out a prima facie case."

It is our opinion, therefore, and we hold, that, under the facts shown by the state's testimony, an inference of guilt could lawfully be drawn against appellant, and it was therefore proper to overrule his motion to exclude the evidence against him, and to refuse to give at his request the general affirmative charge in his favor.

"A confession consisting of a statement under oath, made by accused when he testified, before he was charged with the crime, at the * * * trial of another person, is admissible against him. He has the right, however, to remain silent on the ground that his answer might tend to incriminate him; and if he is compelled to answer after thus objecting, the answer elicited, having been obtained by compulsion, is not competent as a confession." 16 C. J. p. 731, § 1504. This quotation, we hold, expresses the law as it exists in our state. And this: "It has been repeatedly held, that all confessions are prima facie involuntary, and in order to render them admissible it must be shown prima facie that they were voluntarily made, * * * and this is a condition precedent to their admissibility. Otherwise they are prima facie involuntary and illegal. A mere general objection to the evidence, or that the question propounded calls for illegal and incompetent evidence, is sufficient for their exclusion, in the absence of a proper predicate for their introduction." McAlpine et al. v. State, 117 Ala. 93, 23 So. 130, 131; Bradford v. State, 104 Ala. 68, 16 So. 107, 108, 53 Am. St. Rep. 24; Fincher v. State, 211 Ala. 388, 100 So. 657; Bozeman v. State, 21 Ala. App. 457, 109 So. 366.

■ After the witness had testified: "I was present in the trial of the case of the State against Blev Green and I heard Raleigh Monroe testify," over the separate objections of the appellant that the same called for incompetent testimony, the solicitor was allowed to ask the state's witness Sam Jacoway the two questions following, and to receive the answers quoted, to wit:

"Question: I will ask you what he said about being in that car? Answer: He said he was in the car."

"Question: I will ask you if he said the car belonged to him? Answer: He said it belonged to him."

Proper exceptions were reserved to the rulings indicated.

The testimony contained in the answers to these two questions constitutes *all* the testimony in the case that appellant was the *owner* of the car which was being recklessly, etc., driven, and *all*, except possibly an inference, that he was *in* the car, at the time.

Under the rules for admitting testimony of confessions, or admissions in the nature of confessions, which we have quoted above, and which we adopt for our own, we hold that the trial court erred in allowing the two questions set out to be propounded. As was said in the opinion in the Bradford Case, supra, so we say: "We hold the court ought to have required satisfactory proof, according to the spirit and intent of the above-named decisions, that the confessions [admissions] were voluntarily made before admitting them and erred in not doing so."

We find no error, but, for those pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.