(137 So. 185)

**ELMORE v. STATE.**

**8 Div. 300.**

Supreme Court of Alabama.

June 25, 1931.

Rehearing Denied Oct. 22, 1931.

Thos. E. Knight, Jr., Atty. Gen., Thos. Seay Lawson, Asst. Atty. Gen., and Wade Wright, of Decatur, for the State.

R. B. Patton, of Athens, opposed.

BOULDIN, J.

The findings of fact by the Court of Appeals disclose that the law enforcement officers had found a jug of whisky concealed in the cornfield near the residence in which the defendant, a young man, resided with his mother. Without question the circumstances pointed to one or both parties as the possessor or possessors of the prohibited liquor. The officer asked each of them if it was his or her liquor. Each denied its ownership. The officer then informed them that a case would have to be made against both. Mother and son then had a private conference, after which the son informed the officers it was his liquor, and his mother said: "You won't take me to jail will you?" They took the son and left the mother.

The majority opinion concludes the confession was induced by the threat of the officers to arrest defendant's mother; or, otherwise stated, induced by the hope of saving his mother from the threatened arrest.

■ This conclusion of fact, finding support in the detailed facts found by the Court of Appeals, is conclusive on this court.

We deal, therefore, with the question of law: Does such inducement render the confession involuntary and inadmissible?

The basis of reason upon which confessions are excluded, unless shown to be volun-

tary, was well expressed by Chief Justice Shaw in Commonwealth v. Morey, 1 Gray (Mass.) 462: "The ground on which confessions made by a party accused, under promises of favor, or threats of injury, are excluded as incompetent, is, not because any wrong is done to the accused, in using them, but because he may be induced, by the pressure of hope or fear, to admit facts unfavorable to him, without regard to their truth, in order to obtain the promised relief, or avoid the threatened danger, and therefore admissions so obtained have no just and legitimate tendency to prove the facts admitted."

For a full discussion of "untrustworthiness" as the true principle of exclusion, with review of authorities, we refer to 2 Wigmore on Evidence (2d Ed.) § 822.

The tests of "untrustworthiness," as adopted by the courts of England and in this country under the changing conditions of three centuries, are shown by Mr. Wigmore to be much wanting in harmony.

From the trembling fear of the weak, the young and the friendless amid imposing scenes of authority, or in the gloom of prison walls, to the bold independence of the fearless and well advised, who challenge every move and demand every privilege of constitutional freedom, is a far cry.

The view that a voluntary confession of guilt is improbable is challenged by the view that there is a natural urge to make a clean breast under many conditions, and especially that innocence is quick to explain suspicious circumstances. 2 Wigmore, § 851.

This court has kept well in touch with the trend of authority and contributed a full share to the jurisprudence of the country on this question.

The right of the accused under our law to become a witness for himself, to disclaim the truth of his confession, and to give all the circumstances which induced it, all to be weighed by the jury, presents a different status from that of old when the lips of the accused were sealed. Burton v. State, 107 Ala. 108, 18 So. 284.

■■ The great guaranty that one shall not be forced to give evidence against himself is a sufficient reason for requiring preliminary evidence that the confession was voluntary. But our cases go much farther in emphasizing caution on the part of trial judges when youth, weakness, and stress of circumstances appear. Owen v. State, 78 Ala. 425, 56 Am. Rep. 40; Curry v. State, 203 Ala. 239, 82 So. 489.

■■ The trial court, in passing upon the preliminary inquiry as to whether the confession was induced by hope or fear, deals with an issue of fact under guiding rules of

492

law, and his finding should not be disturbed except upon substantial grounds.

The inducement of hope or fear which calls for exclusion of confessions is thus defined in Hunt v. State, 135 Ala. 1 (8), 33 So. 329, 331, as follows: "The promise which will render a confession involuntary, in the eyes of the law, must have relation to the legal consequences of the offense itself. It must involve some assurance of benefit to the defendant in respect of the crime under inquiry,—as that he will not be prosecuted, or that his punishment will be mitigated, and the like. The mere collateral benefit of protection from the personal violence of those who acted with him in the commission of the crime will not suffice."

This rule has been applied to numerous inducements held out in good faith or even by trickery to induce the accused to talk, inducements which admittedly may have furnished a motive for the confession. But they are not regarded as involuntary under the law of confessions. McIntosh v. State, 52 Ala. 355; Stone v. State, 105 Ala. 60, 17 So. 114; McKinney v. State, 134 Ala. 134, 32 So. 726; Hunt v. State, supra; Curry v. State, supra; McCullars v. State, 208 Ala. 182, 94 So. 55. See, also, Levison v. State, 54 Ala. 520; Hoffman v. State, 130 Ala. 89, 30 So. 394; People v. Smalling, 94 Cal. 112, 29 P. 421; 1 Greenleaf on Evidence, § 229; 16 C. J. 719.

■ That the confession in the instant case was induced by the strong desire to save the mother of the accused from arrest and incarceration does not bring it within the exclusion of the rule thus firmly established in Alabama.

A personal benefit to the accused, the saving of himself from the distress of mind caused by his mother's arrest, may be easily inferred to have been a moving inducement to the confession. But this also was a collateral benefit under this rule.

We are far from saying that the saving of a loved one from arrest may not induce a confession, be the accused guilty or not guilty.

Under imaginable conditions, the untrustworthiness of a confession thus obtained should lead to its rejection.

But we are not impressed that the confession in the instant case should be excepted from the general rule of the above-cited cases.

Here a young man, in business for himself, observed by the trial court, made the confession to be accepted by the officers, and induced them to act thereon.

If to be commended for thus shielding his mother, such act would be stripped of all merit if his words be taken as a mere gesture, the door closed against them for the very purpose they were given expression.

Moreover, as part of the same incident, it appears the confession was made after conference with the mother, who promptly claimed the benefit of same. The jury could well be left to decide whether, by such mutual arrangement, an innocent son took the place of a guilty mother with her consent or advice.

We think the majority opinion of the Court of Appeals in error in reversing the trial court for the admission of the confession.

Reversed on certiorari and remanded to the Court of Appeals.

ANDERSON, C. J., and GARDNER, THOMAS, and FOSTER, JJ., concur.

BROWN, J. (dissenting).

The rule of exclusion applies where the threat is of such a nature as that from fear of it the prisoner was likely to have told an untruth, and where the threat and the confession are related as cause and effect the rule applies. Beckham v. State, 100 Ala. 15, 14 So. 859.

The threat in the instant case related to the offense with which the prisoner was charged, and in substance was that, unless he confessed, the prisoner and his mother both would be prosecuted. It may be said to be a matter of common knowledge, in such circumstances, that, unless one is possessed of Washington's integrity and cannot lie, and will not tell an untruth for any cause, he will lie to protect his mother, and especially so when by his failure to do so both will be subjected to criminal prosecution, and by doing so the mother will be allowed to go free and he will suffer no additional detriment.

I am not, therefore, of opinion that the promise not to make a case against the mother is within the exception to the rule relating to promise of collateral benefits, such as that the officer will let the accused see his wife (6 Am. St. Rep. 247), or "to give the accused liquor," or to "release him from solitary confinement and allow him to associate with other prisoners," or to "take him to a priest" (1 R. C. L. 556, § 103), or the offer of a reward to deliver a saddle (McIntosh v. State, 52 Ala. 355), or to employ the accused to commit another's crime (Stone v. State, 105 Ala. 60, 17 So. 114), or to divide a reward for detection of the guilty party (McKinney v. State, 134 Ala. 134, 32 So. 726).

The ruling of the Court of Appeals, in my judgment, is in accordance with the general rule and clearly within its purpose and spirit of excluding confessions made under circumstances that would induce an untruthful confession.

SAYRE, J., concurs in the foregoing dissent.