172 So. 296

**HARVILLE v. STATE.**

**2 Div. 588.**

Court of Appeals of Alabama.

Nov. 24, 1936.

Rehearing Denied Dec. 15, 1936.

See, also, 26 Ala.App. 610, 164 So. 765.

See, also, 26 Ala.App. 610, 164 So. 765.

Pitts & Pitts, of Selma, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

We do not understand that the holding by the Supreme Court on certiorari in the case of Elmore v. State, 223 Ala. 490, 137 So. 185, changed the law in any respect from what it had theretofore been with reference to the admissibility of testimony as to "confessions." In other words, the cases cited and relied on by the majority of this court in their opinion in the said case (24 Ala.App. 522, 137 So. 182), while in effect held by the Supreme Court not to support the conclusion they reached, were in no wise impaired as authorities upon the subjects they treated. Said cases referred to being Gidley v. State, 19 Ala.App. 113, 95 So. 330; Carr v. State, 17 Ala.App. 539, 85 So. 852; Curry v. State, 203 Ala. 239, 82 So. 489, and Owen v. State, 78 Ala. 425, 56 Am.Rep. 40.

We say this much as bearing upon the question of error vel non in the admission in evidence, in the instant case, of testimony as to the "confession" by appellant.

Since the judgment appealed from must be reversed on another ground, and since the facts surrounding the eliciting of the said "confession" were not as fully developed as they will likely be upon another trial, i. e., specifically, as to what *was said to appellant,* and what *he said,* we have seen fit to pretermit a decision, on *this* appeal, of the question raised by the exception to the ruling of the court admitting in evidence testimony as to said "confession."

Appellant was on trial for the alleged illegal possession of prohibited liquor. The trial court charged the jury, orally, among other things, as follows: "Now in order for this defendant to be in constructive possession of whiskey, (and whiskey it was that was involved in this case—and the jury of course were told that one would be just as guilty if he had *constructive* possession as he would if he had *actual* possession) the law says he must have had knowledge that whiskey was on his premises *or near his premises* and that he knowingly or consciously permitted it to remain there." (Italics ours.) Due exception was reserved to the excerpt just quoted from said oral charge; and, particularly, to the part italicized by us.

The learned trial court fell into error in charging the jury as indicated. Manifestly, we take it, appellant could be, in no manner held responsible merely for whisky illegally stored *near his premises*— even *though* he may have been cognizant of that fact.

For the error in thus charging the jury the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.