226 So.2d 388

**O. L. COOPER**

**v.**

**STATE.**

**4 Div. 650.**

Court of Appeals of Alabama.

Nov. 19, 1968.

Rehearing Denied Jan. 7, 1969.

E. C. Orme, Troy, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Pike County, Alabama, for the offense of burglary and grand larceny. After pleading not guilty and not guilty by reason of insanity, he was tried by a jury, found guilty of grand larceny, and sentenced by the court to a term of six years in the State

penitentiary. From this conviction and sentence, he now appeals.

Prior to arraignment, appellant's court-appointed counsel filed a petition wherein he alleged that appellant was insane and requested that an investigation be conducted into the question of his sanity.

On September 8, 1967, a hearing was conducted in the judge's chambers where testimony was heard and recorded. Subsequent to this hearing, appellant was sent to Bryce Hospital in Tuscaloosa for phychiatric examination, study and observation. The Staff at Bryce Hospital was of the opinion that the appellant was sane and competent and was so at the time of his admission to the hospital.

At the trial of this cause, the District Attorney called as a witness Mr. Vernon O. Mickey, an official court reporter of the Twelfth Judicial Circuit of Alabama, and questioned him concerning certain testimony given by the appellant at the sanity hearing. During direct examination of Mr. Mickey, the District Attorney asked the following questions:

"Q. All right, sir, now at that time and on that occasion, did I ask him a question in substance, 'Where did you get the machines or the typewriters,' or in some kind of context there?

"A. Yes, you did.

"Q. All right, sir—

"MR. COBURN: We object, Your Honor, on the grounds the witness was not told his rights, and this violates his constitutional rights under the Fourth and Sixth and Fourteenth Amendments, sir; that he was under pressure, this witness was examined and certainly if it is offered in the way of confession, it is certainly not—he was not advised at that time of any rights that he had.

"THE COURT: This court takes judicial knowledge of the type of proceeding that was had. It was had before this court personally. I overrule you.

The record will show that he had counsel then on that hearing, petition presented by counsel, and that he had had counsel all the way, the same counsel up to and including this hearing.

"MR. COBURN: We except."

Subsequent to this colloquy a hearing outside the presence of the jury was conducted to determine the admissibility into evidence of the notes made at the sanity hearing at which time the following occurred:

"THE COURT: All right, the jury has now retired. I believe the counsel asked you to read the colloquy or statement between him as counsel and the Court having this hearing at the time.

"A. What part do you want?

"MR. COBURN: Just that part between the Judge and myself where I objected to it.

"THE COURT: We have Mr. Stephens questioning this defendant who was a petitioner in the lunacy hearing that was before the Court at that time, is that the setting, gentlemen?

"MR. COBURN: Yes, sir.

"MR. STEPHENS: Yes, sir.
"THE COURT: Now, what was asked?

* * *
"A. All right. (Reading)

" 'Q. Do you remember June 28 of 1967?'

" 'A. I don't remember what happened that day, no, sir.'

" 'Q. Were you in Brundidge, Alabama, on that day or night?'

" 'A. I don't remember the date. I don't remember what day it was.'

" 'Q. Were you in Brundidge, Alabama, at the school?'

" 'A. Yes, sir, I have been down there. I have been to Brundidge. I don't

know the day. Of course, I used to live in Brundidge.'

" 'Q. Did you break into the school?'

" 'A. No, sir, I didn't break into it.'

" 'Q. Did you have any of its property in your possession at any time?'

" 'A. It was in my house. I guess you might say it was in my possession.'

" 'Q. Where did you get it from?'

" 'Mr. Coburn: Judge, this would be a matter of a confession, I am afraid.'

" 'Mr. Stephens: This is just—'

" 'Mr. Coburn: There is another case pending.'

" 'The Court: I think his recollection, and that kind of stuff, would be important in here. At a later time whether it would be admissible would be another thing, but I will overrule you on that.'

" 'Mr. Coburn: Okay'

" 'Q. (Mr. Stephens continuing) Where did you get it, sir?'

" 'A. From the school in Brundidge.'

" 'Mr. Stephens: That is all.'

" 'Mr. Coburn: That is it, judge.'

"MR. COBURN: Now, we move to exclude this statement in the nature of a confession which was made orally to the Judge, and although the defendant had counsel at the table at the time he was never informed by this court by either the solicitor—or district attorney, as he is called now, excuse me—or the Judge, or anyone else of the right that he would not have to testify as to this matter.

\* \* \*

"THE COURT: I am going to overrule you. I am going to overrule and let it in. I think that it all ought to be offered, the colloquy; it would have to be in sequence."

In Monroe v. State, 23 Ala.App. 441, 126 So. 614, this court stated in part as follows:

" 'A confession consisting of a statement under oath, made by accused when he testified, before he was charged with the crime, at the \* \* \* trial of another person, is admissible against him. He has the right, however, to remain silent on the ground that his answer might tend to incriminate him; and if he is compelled to answer after thus objecting, the answer elicited, having been obtained by compulsion, is not competent as a confession.' 16 C.J. p. 731, Sec. 1504. This quotation, we hold, expresses the law as it exists in our state. And this: 'It has been repeatedly held, that all confessions are prima facie involuntary, and in order to render them admissible it must be shown prima facie that they were voluntarily made, \* \* \* and this is a condition precedent to their admissibility. Otherwise they are prima facie involuntary and illegal. A mere general objection to the evidence \* \* \* is sufficient for their exclusion, in the absence of a proper predicate for their introduction.' McAlpine et al. v. State, 117 Ala. 93, 23 So. 130, 131; Bradford v. State, 104 Ala. 68, 16 So. 107, 108, 53 Am.St.Rep. 24; Fincher v. State, 211 Ala. 388, 100 So. 657; Bozeman v. State, 21 Ala.App. 457, 109 So. 366."

In the case at bar, counsel for appellant made objection at the sanity hearing to the question propounded by the district attorney as to how he procured the stolen property. The court overruled the objection and appellant was placed in the position of having to answer the question. Having made objection to the question

**122**

and having it overruled, it was not necessary that the appellant also refuse to answer the question after asserting his constitutional right against self-incrimination.

■ We conclude, therefore, that the admission into evidence at the trial of the testimony given by the appellant at the sanity hearing was erroneous in that it violates the self-incrimination provisions of Act I, Sec. 6, of the Alabama Constitution. *Monroe*, supra.

After the noon recess of the trial, counsel for appellant moved for a mistrial on the ground that the jury separated contrary to the instructions of the court. It appears from the record that the men jurors went into one room and the women jurors went into an adjoining room for "make-up and things."

■ In a situation where a jury is composed of both sexes, necessity will demand that in certain circumstances the jury must separate. In the case at bar, the jury separated into two groups, but there was no evidence that either group mingled with persons outside of the jury. We note that, after the motion for mistrial was made, all of the jurors took the stand and testified that they had not discussed the case with anyone.

■ Thus, it was affirmatively established that the separated jurors were subjected to no influence or contacts which might have influenced their verdict. Smith v. State, 39 Ala.App. 501, 105 So.2d 662.

For the reasons herein set out, the judgment in this cause is due to be and the same is hereby

Reversed and remanded.

CATES, J., concurs in the result.