252 So.2d 104

**O. L. COOPER, alias**

**v.**

**STATE.**

**4 Div. 74.**

Court of Criminal Appeals of Alabama.

May 18, 1971.

Rehearing Denied June 29, 1971.

John B. Crawley, John W. Gibson, Troy, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

PER CURIAM.

The indictment in this case contained two counts. Count one charged burglary. Count two charged grand larceny.

The case was previously tried and the defendant was convicted of grand larceny. The case was reversed on appeal. Cooper

v. State, 45 Ala.App. 119, 226 So.2d 388. This is an appeal from a second conviction on said charge.

On November 14, 1969, the defendant entered a plea of not guilty. On November 21, 1969, defendant, in open court, attended by his court appointed attorneys, withdrew his plea of not guilty and entered a plea of guilty to said charge of grand larceny. The record discloses that on that date the following took place:

"MR. FOLMAR: The only thing, Judge, is that I believe we want to interpose a plea.

"THE COURT: Are you saying, Mr. Folmar, for Mr. Cooper that he now desires to withdraw his plea of not guilty and plead guilty to the indictment.

"MR. FOLMAR: That is correct.

"THE COURT: Under Count Two of this indictment wherein he is charged with grand larceny, feloniously taking and carrying away certain electric typewriters, manual typewriters and Olivetti calculating maching (sic) of the aggragate value of $4,600.00 the personal property of the County Board of Education of Pike County? Mr. Cooper, you understand what these lawyers are saying?

"THE DEFENDANT: Yes, sir.

"THE COURT: I want to show that you are saying that in your own voice. Last week you said you did represent yourself in the Court of Appeals at which time the case was reversed on a pro se manner. Eventhough you have got competent lawyers sitting with you, this is what you want to do?

"THE DEFENDANT: Yes, sir.

"THE COURT: Is anybody making you do it?

"THE DEFENDANT: No, sir.

"THE COURT: Is anybody forcing you to plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: You have decided in a week's time after the lawyers working with you and for you that you have reached the decision to plead guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: I make known if there is a recommended sentence that I don't have to follow it, you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: That is entirely discretionary with a judge of a court such as the Circuit Court of Pike County to honor it or not to honor it if he doesn't see fit to do so and may sentence you to any term from one year which is the minimum and we have a divergent opinion of a maximum in this particular case under Mr. Faulk and Mr. Folmar theory under that Rice case that you couldn't get any more than six years. So we will talk about your pleading guilty because you are guilty of this offense of grand larceny?

"THE DEFENDANT: That's right, sir.

"THE COURT: And I accept your plea of guilty. Is there any insistence that I read the indictment since I have already read it to you a week ago when Mr. Orme was you attorney and you plead not guilty.

"THE DEFENDANT: No, sir.

"THE COURT: You have got a copy of it in your file down there in your quarters and I am sure you have read it many times and you know exactly what you are charged with.

"On your plea of guilty the Court believes it to be voluntarily admitted here this morning without any coercion or threats or promises. Now do you have anything to say before sentence is passed?

"THE DEFENDANT: No.

"MR. STEPHENS: In light of the fact that Mr. Cooper has already served some time, also in light of the fact that I think

Mr. Cooper has a real fine chance, and I believe that, O. L. If I didn't I wouldn't even say this. We recommend two years may it please the Court.

"THE COURT: I will go along with that. That is all the recommendation is, just two years? Does that meet with your approval?

"THE DEFENDANT: Yes, sir.

"THE COURT: You don't have any disapproval of a recommendation of a two year sentence? You might like for it to be less, but that is alright, you don't mind the District Attorney saying he recommends two years?

"THE DEFENDANT: No, sir.

"MR. FOLMAR: Your Honor, as one of the counsel representing or appointed to represent I would like to request that the Court if it can see fit put or cause this sentence to begin running immediately.

"THE COURT: I don't know that I can do anything other that (sic) sentence him. I don't know when it runs. I don't fully grasp what you are talking about, but I am going to sentence him to the penitentiary of Alabama to a term of two years. It is running now if the law says it starts running now. I haven't got anything to do with when it starts other than I·sentence him. I don't know anything I can say other than I have sentence[d] him to the penitentiary for two years.

"MR. FOLMAR: I withdraw my request.

"THE COURT: I sentence you to the penitentiary of Alabama on the recommendation of the District Attorney to a term of two years. If it begins to run now it is because the law says it begins. It it starts at 12:01 tonight, or some other time that is when the law says it starts. I sentence you at this moment to two years in the penitentiary. If the law says that it starts after the sentence you are presently under, and I know that a Barbour County sentence is presently in effect, or whatever is going, if it don't start, I ain't got nothing to do with that you know.

"THE DEFENDANT: Yes, sir.

"THE COURT: I can't tell you when it starts running, other than I sentence you to "X" number of years. Is there any question now, Mr. Cooper?

"THE DEFENDANT: No, sir."

The defendant was adjudged guilty and sentenced to two years in the penitentiary. There is no order in the judgment specifying that the sentence be served concurrently with another sentence, therefore, the sentence is to be served consecutively. Title 45, Section 32, Code of Alabama 1940.

The defendant filed motion entitled a motion for a new trial in which he alleged that he had been illegally convicted and prayed that the judgment of conviction be vacated, the guilty plea be withdrawn and a trial granted. The motion was overruled.

Two attorneys were appointed to represent defendant in the trial court. Two different attorneys were appointed to represent him at the hearing on the motion for a new trial and on appeal.

The testimony taken at the hearing on the motion disclosed the possibility that certain statements may have been made to the defendant during the negotiations for the guilty plea that led him to believe the sentence would be served concurrently with a sentence he was presently serving.

The question presented on this appeal is whether the record shows a valid waiver of constitutional rights by defendant before he was permitted to withdraw his plea of not guilty and enter a plea of guilty.

In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, decided June 2, 1969, and which was applicable to defendant's plea of guilty entered November 21, 1969, the court said:

"A plea of guilty is more than a confession which admits that the accused

did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. See Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, [1012]. Admissibility of a confession must be based on a 'reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' Jackson v. Denno, 378 U.S. 368, 387, 84 S.Ct. 1774, 1786, 12 L.Ed.2d 908, [922], 1 A.L.R.3d 1205. The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, [77], we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'

"We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. Douglas v. Alabama, 380 U.S. 415, 422, 85 S.Ct. 1074, 1078, 13 L.Ed.2d 934, [938].

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v.

Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed. 2d 923. We cannot presume a waiver of these three important federal rights from a silent record.

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought. (Garner v. Louisiana, 368 U.S. 157, 173, 82 S.Ct. 248, 256, 7 L.Ed.2d 207, [219]; Specht v. Patterson, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326, [330] ), and forestalls the spin-off of collateral proceedings that seek to probe murky memories.

"The three dissenting justices in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error 'because the record does not disclose that the defendant voluntarily and understandingly entered his plea of guilty.' Boykin v. State, 281 Ala. [715], at 663, 207 So.2d [416], at 415."

Here the trial court did ascertain that defendant was not threatened or coerced to enter a plea of guilty and that he was not induced by a promise to enter such a plea. The trial court also informed the defendant of the maximum and minimum punishment allowed by law for the offense of grand larceny. As stated in Boykin, supra, "The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards," and that: "Presuming waiver from a silent waiver is impermissible."

This appellant was not informed and it is not shown that he understood the three constitutional rights waived by his plea of guilty, and that he understood he waived

those rights by such a plea. Such waiver is part of the consequences of a plea of guilty along with whatever punishment may be imposed. In other words, the punishment imposed within the limits allowed by law is not the only consequence of such a plea. A further consequence of the plea, under the proceedings in the instant case, was whether the sentence was to run consecutively or concurrently with another sentence. See Hall v. State, 45 Ala.App. 252, 228 So.2d 863; Champion v. State, 45 Ala.App. 188, 227 So.2d 818.

The federal standards established by Boykin, supra, demand, "the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he had a full understanding of what the plea connotes and of its consequences." That which was done in this case falls short of the Boykin standards.

The judgment is due to be and hereby is reversed and the cause is remanded.

The foregoing opinion was prepared by L. S. Moore, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.