54 So.2d 630

**PITTMAN v. STATE.**

5 Div. 341.

Court of Appeals of Alabama.

June 29, 1951.

Rehearing Denied Aug. 2, 1951.

Henry Neill Segrest and Robt. E. Varner, Tuskegee, for appellant.

Si Garrett, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

PRICE, Judge.

The first count of the indictment charged the defendant with manufacturing prohibited liquors and the second count with having in his possession a still to be used for the purpose of manufacturing, etc. The de-

fendant was found guilty under count two of the indictment and sentenced to the penitentiary for a term of one year and six months.

Defendant interposed the following plea to the indictment, omitting formal parts,

"Comes the defendant in the above styled cause and pleads that he has paid a fine of $169.75 for the alleged offense in the Inferior Court of Macon County, Alabama." to which the State demurred on the following grounds:

"1. The matters therein alleged are no answer to the indictment in this cause.

"2. It is not alleged that the matters and transactions charged against the defendant in the indictment in this case are the same matters and transactions alleged in said special written plea.

"3. It is not alleged in said special written plea that the Inferior Court of Macon County, Alabama, had jurisdiction to try said Defendant."

■ The demurrer to the purported plea of former conviction was properly sustained. The plea was manifestly insufficient and no answer to the indictment. It failed to conform to the form prescribed by the code, Code 1940, Tit. 15, § 288, form 5, and was subject to the objections pointed out by the demurrer. Black v. State, 123 Ala. 78, 26 So. 340; Wooley v. State, 20 Ala. App. 364, 101 So. 918.

The testimony for the State tended to show that the officers found a complete copper still, freshly charged and ready for a run, about 100 yards from the home of defendant, with a path leading to the barn. Whiskey and wine were found in the barn and house. Accused was living in the home with his father, brother and other members of the family. The father denied knowledge of the still but when confronted with the whiskey, said his sons had some around the place.

After a proper predicate was laid, the officers were permitted to testify that the Sheriff said "You all get ready," that he was going to bring them all into town. Thereupon the defendant said: "There is no use in that, it belongs to me."

Defendant, as a witness in his own behalf, testified that he first denied that the still was his, but later admitted ownership because the officers said if somebody didn't claim it they could lock up the whole family.

■■ Counsel for defendant then moved the court to exclude the State's evidence "on the ground that their case is based completely on a confession which was illegally obtained, by the admission of the Sheriff on the stand." The court overruled the motion and defendant excepted. In the absence of evidence as to the age, character and mental qualifications of the defendant, we are unable to say the trial court erred in its ruling. In the case of Elmore v. State, 223 Ala. 490, 137 So. 185, 186, the Supreme Court, in reversing this court, held:

"The inducement of hope or fear which calls for exclusion of confessions is thus defined in Hunt v. State, 135 Ala. 1(8), 33 So. 329, 331, as follows: 'The promise which will render a confession involuntary, in the eyes of the law, must have relation to the legal consequences of the offense itself. It must involve some assurance of benefit to the defendant in respect of the crime under inquiry,—as that he will not be prosecuted, or that his punishment will be mitigated, and the like. The mere collateral benefit of protection from the personal violence of those who acted with him in the commission of the crime will not suffice.'

"This rule has been applied to numerous inducements held out in good faith or even by trickery to induce the accused to talk, inducements which admittedly may have furnished a motive for the confession. But they are not regarded as involuntary under the law of confessions. McIntosh v. State, 52 Ala. 355; Stone v. State, 105 Ala. 60, 17 So. 114; McKinney v. State, 134 Ala. 134, 32 So. 726; Hunt v. State, supra; Curry v. State, supra [203 Ala. 239, 82 So. 489]; McCullars v. State, 208 Ala. 182, 94 So. 55. See, also, Levison v. State, 54 Ala. 520; Huffman v. State, 130 Ala. 89, 30 So. 394; People v. Smalling, 94 Cal. 112, 29 P. 421; 1 Greenleaf on Evidence, § 229; 16 C.J. 719.

"That the confession in the instant case was induced by the strong desire to save the mother of the accused from arrest and

incarceration does not bring it within the exclusion of the rule thus firmly established in Alabama.

"A personal benefit to the accused, the saving of himself from the distress of mind caused by his mother's arrest, may be easily inferred to have been a moving inducement to the confession. But this also was a collateral benefit under this rule."

In overruling the defendant's motion to exclude the evidence, the court remarked: "I am going to submit it to the Jury on that question." Defendant's counsel argues strenuously that by such statement the trial court delegated to the jury the duty devolving upon the court to ascertain and declare whether or not the confession was free and voluntary. We do not so construe the statement. By its rulings on the objections and the admission of the confession in evidence, the court had determined its voluntariness.

After it was admitted, the jury, in exercising its exclusive prerogative of determining the credibility of the evidence, or the weight to which it was properly entitled, could consider the circumstances and conditions under which the confession was obtained. Redd v. State, 69 Ala. 255; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Fincher v. State, 211 Ala. 388, 100 So. 657; Taylor v. State, 249 Ala. 130, 30 So.2d 256; Phillips v. State, 248 Ala. 510, 28 So. 2d 542.

There being no reversible error in the record, the judgment of the circuit court is ordered affirmed.

Affirmed.