109 So.2d 736

Jesse **BLACKBURN**

v.

**STATE.**

8 Div. 407.

Court of Appeals of Alabama.

Nov. 5, 1958.

Rehearing Denied Jan. 6, 1959.

W. H. Mitchell, Jr., Florence, and Truman Hobbs, Montgomery, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The United States Supreme Court has remanded this case for a consideration of appellant's claim to the protection of the Due Process clause of the Fourteenth Amendment to the United States Constitution. Blackburn v. State, 38 Ala.App. 143, 88 So.2d 199, certiorari denied 264 Ala. 694, 88 So.2d 205, reversed 354 U.S. 393, 77 S.Ct. 1098, 1 L.Ed.2d 1423.

The admission of the alleged confession was objected to on the ground that it was not voluntary in that (1) it was obtained by sustained questioning, and (2) appellant was shown to have been insane at the time the confession was obtained. On voir dire examination appellant introduced evidence consisting of the depositions of Drs. Rowe and Tarwater, each expressing the opinion that appellant was incompetent at the time of the alleged crime (April 19, 1948) and also at the time of the confession (May 8, 1948). The State's evidence on voir dire consisted of (1) the deposition of Dr. Richards, to the effect that during the entire period of appellant's stay in Searcy Hospital he was mentally normal (July 1948–November 1952), and that he was also normal at the time of the alleged crime and at the time of the confession; and (2) oral testimony of Mr. Stanford, the deputy sheriff, who did most of the questioning and wrote up the confession for appellant's signature. Mr. Stanford's testimony was to the effect that appellant "talked sensible" during the interrogation.

After hearing the above, which was all the evidence offered on voir dire, the trial court ruled that the confession should be admitted. Under Alabama law this amounted to a finding that the confession had been voluntarily made. Pittman v. State, 36 Ala.App. 179, 54 So.2d 630, certiorari denied 256 Ala. 369, 54 So. 2d 632.

The rule is that "When confessions are admitted on controverted questions of fact, this court will not revise the rulings of the lower court, admitting them, unless they appear to be manifestly wrong." Phillips v. State, 248 Ala. 510, 28 So.2d 542, 550. See also Myhand v. State, 259 Ala. 415, 66 So.2d 544.

We concluded that the trial court did not abuse its discretion in admitting the confession.

There was expert testimony to the effect that appellant had long periods of normal mental condition, periods during which he was considered competent.

Mr. Stanford, as above noted, testified that at the time of obtaining the confession appellant "talked sensible." He had been told by appellant during the interrogation of appellant's having been in a mental institution and of having been discharged therefrom, yet at that time he considered appellant normal. This same officer later observed actions by appellant which led him to report to the sheriff the possibility that appellant was insane. According to Mr. Stanford, appellant had been in jail for "quite some time" before he showed signs of insanity. This in turn resulted in an investigation by physicians whose report was made on July 26, 1948, recommending that appellant be turned over to Alabama State Hospital for further observation.

Dr. Tarwater, the head of the State insane hospital system, is headquartered at Tuscaloosa, and saw Blackburn on "at least four or five occasions during his stay in Searcy Hospital." This stay was in two parts (a) July 29, 1948, to January 24, 1949; and (b) April 23, 1949, to November 12, 1952. The gap was a period of freedom on escape. In these 49 months of Blackburn's commitment, Dr. Tarwater saw him "approximately two or two and one-half hours." Thus, we can envision the trial judge attaching more weight for purposes of admissibility to the deposition of Dr. Richards, a resident physician at Searcy Hospital, Mt. Vernon, than to that of Dr. Tarwater. This posture left a hopeless conflict between the testimony of Dr. Rowe and that of Dr. Richards as to the mental condition of Blackburn at the time he confessed. We cannot say that Dr. Rowe is right and Dr. Richards wrong.

The decisions of our Supreme Court are to the effect that in order for a confession to be inadmissible on the ground of the insanity of the person making the confession he must have been a "lunatic during lunacy." On the basis of the conflicting testimony before the trial court, we cannot say that the court was clearly erroneous in finding that appellant was not a "lunatic during lunacy" at the time of making the confession.

The statement signed by appellant appears in the record. It is a detailed account of appellant's course of action during the period from April 14, 1948, until he was brought to the Colbert County jail, sometime after April 21, 1948, and comprises some five and one-half transcript pages. The questioning of appellant and the writing down of the statement in longhand by Mr. Stanford consumed from eight to nine hours, consisting of one afternoon and evening, with an hour's break for dinner. We cannot say as a matter of law that the interrogation amounted to such coercion as to make the confession involuntary.

Under all the evidence with respect to the confession, we concluded in our original decision that there was nothing to show that the trial court's action in admitting the confession was manifestly wrong or that defendant's rights under the Federal Constitution were infringed. Thomas v. State, 257 Ala. 124, 57 So.2d 625; Phillips v. State, 248 Ala. 510, 28 So.2d 542; Peoples v. State, 256 Ala. 612, 56 So.2d 665.

We were not unmindful of the due process question. Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166.

Affirmed.