123 So.2d 2

**Marion J. JONES, Jr.**

**v.**

**TALLAPOOSA RIVER ELECTRIC COOPERATIVE, INC.**

**4 Div. 40.**

Supreme Court of Alabama.

Sept. 8, 1960.

Marion J. Jones, Jr., appellant, pro se.

Smith & Smith, Phenix City, for appellee.

COLEMAN, Justice.

Appellant filed bill in equity praying for temporary injunction and for an accounting. Appellant's right to the relief sought appears to be based on the averment that

appellee wrongfully charged appellant for electric current at a rate in excess of rates set by the Alabama Public Service Commission. The temporary injunction was granted as prayed for in the bill of complaint.

Appellee's motion to dissolve the temporary injunction was granted after a hearing, and the "cause" was dismissed with costs taxed against appellant.

On the day following the order of dissolution and dismissal, appellant filed an application "to reinstate the temporary injunction," "to set aside the order of dismissal," and "to reinstate said cause on the docket." After a second hearing this application was overruled.

The decree dissolving the temporary injunction was rendered on the 14th day of April, 1960. The decree overruling the application to reinstate was rendered on the 18th day of April, 1960.

Appellant gave "notice of appeal from the judgment of the Circuit Court Sitting in Equity, rendered on the 18th day of April, 1960, and also from the judgment of the said Court over-ruling his Motion for Application to Re-instate Injunction, under Equity Rule 100, on the 18th day of April, 1960, to the Supreme Court of Alabama."

Appellant filed security for costs of appeal "from the decree rendered in the above entitled cause on the 18th day of April, 1960."

It thus appears that this appeal is from the decree overruling the application to reinstate and not from the decree dissolving the temporary injunction and dismissing the cause.

■ Appeals are of statutory origin and unless the statute so provides a decree will not support an appeal. This court has held that an appeal will not lie from a decree overruling a motion to set aside a decree dissolving a temporary injunction. State v. Seminole Bottling Company, 235 Ala. 217, 178 So. 237.

■■ It appears that appellant may have misconceived the purpose and function of Equity Rules 78 and 100, Code 1940, Tit. 7, Appendix, and § 1062, Title 7, Code 1940. These rules and the statute provide a method whereby a party seeking to restore a temporary injunction, which has been dissolved, may apply for reinstatement of the injunction pending an appeal from the order of dissolution. McLendon v. Truckee Land Co., 216 Ala. 586, 590, 114 So. 3. Appeal from an order of dissolution within thirty days is authorized by § 757, Title 7, Code 1940. Gordon v. Central Park Little Boys League, 270 Ala. 311, 119 So.2d 23, 26, and authorities there cited.

■ No rule or statute, so far as we are advised, authorizes any right to appeal from a decree denying reinstatement of a dissolved temporary injunction other than the right to apply to this court to reinstate the injunction pending review of the order of dissolution. Aside from denial of the prayer to reinstate the injunction, the decree of April 18, 1960, is nothing more than a decree overruling a motion for new trial in equity which will not support an appeal. Ogle v. Ogle, 270 Ala. 201, 117 So.2d 191, and authorities there cited.

Lest we be misunderstood, we note that appellant did make application to this court to reinstate the temporary injunction pending appeal. That application was denied April 21, 1960. Appellant has had full benefit of Equity Rule 100.

Because the appeal is from a decree which will not support an appeal, this court is without jurisdiction to entertain the appeal and it must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.