142 So.2d 679

**J. C. WORLEY, Jr.,**

v.

**Willene WORLEY.**

4 Div. 87.

Supreme Court of Alabama.

March 22, 1962.

Rehearing Denied June 21, 1962.

Tipler & Fuller, Andalusia, for appellant.

Prestwood & Prestwood, Andalusia, for appellee.

LAWSON, Justice.

Willene Worley filed suit for divorce against her husband, J. C. Worley, Jr., in the Circuit Court of Covington County, in Equity, alleging cruelty.

The complainant and respondent are both natives of Covington County and have always resided there except while away in the military service.

On February 25, 1961, the circuit court rendered a decree which reads, in part, as follows:

"This cause coming on to be heard was submitted upon bill of complaint, answer and waiver of respondent, and testimony as noted by the solicitor for complainant, and upon consideration thereof the Court is of the opinion and finds the Court has jurisdiction of the parties and the cause of action and that the complainant is entitled to the relief prayed for in said bill.

"It is therefore ordered, adjudged and decreed by the Court that the bonds of matrimony heretofore existing between the complainant and defendant be, and are hereby, dissolved and that the said Willene Worley is forever divorced from the said J. C. Worley for and on account of grounds as alleged in the bill of complaint. It is further ordered, adjudged and decreed that the custody of Pamela Lynn Worley, a minor, be and is hereby awarded to the complainant and the respondent is hereby ordered to pay $77.00 per month for support of said minor child beginning March 1, 1961."

In his answer the respondent agreed to pay that sum for the support of his child.

On March 2, 1961, the respondent filed a motion to vacate the decree of February 25, 1961, on the ground that it was void on its face in that it purports to divorce the complainant from J. C. Worley, who is the father of the respondent, J. C. Worley, Jr.

That motion was overruled and denied on March 3, 1961.

On March 3, 1961, the respondent filed what he called a "Motion for New Trial."

Following a hearing where evidence was taken ore tenus, the trial court on March 20, 1961, overruled and denied the "Motion for New Trial."

The respondent has sought to appeal "from the final decree of. the Circuit Court of Covington County, Alabama, rendered in said cause on the 25th day of February, 1961; and from the final decrees of said Court dated March 3, 1961, and March 20, 1961, over-ruling and denying respondent's motions to set aside the decree rendered by said Court on the 25th day of February, 1961, and to grant the respondent a new trial in said cause."

■ Assignments of error were made which attack the divorce decree of February 25, 1961, but none of those assignments will be considered since they have not been argued. First National Bank of Mobile v. Ambrose, 270 Ala. 371, 119 So.2d 18.

■ The decree of March 3 is appealable. When a court refuses to vacate a decree on the ground that it is void on its face, the remedy for review of the decree refusing such relief is by appeal. Capps v. Norden, 261 Ala. 676, 75 So.2d 915; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116.

■ The decree of February 25, 1961, is not void on its face simply because it refers to the respondent as J. C. Worley rather than J. C. Worley, Jr. The court dissolved the bonds of matrimony theretofore existing "between the complainant and defendant." The complaint shows the "defendant" to be J. C. Worley, Jr.

■ Moreover, the word Junior or Jr., or words of similar import, are ordinarily mere matters of description, and no part of a person's legal name. Teague v. State, 144 Ala. 42, 40 So. 312; Maxwell v. State, 11 Ala.App. 53, 65 So. 732; Williams v. State, 33 Ala.App. 119, 31 So.2d 590, aff'd. 249 Ala. 432, 31 So.2d 592; Ward v. Torian, 216 Ala. 288, 112 So. 815.

The respondent, "defendant," having been clearly identified in the pleadings by the descriptive word "Jr.," it was not necessary for certainty that the word be contained in the decree which divorces the complainant from the "defendant." See Ward v. Torian, supra.

The so-called "Motion for New Trial," as we understand it, is in reality a motion for rehearing as is authorized by Equity Rule 62.

■ No appeal lies from a decree overruling a motion for rehearing in equity where the original decree is not modified. Whitman v. Whitman, 253 Ala. 643, 46 So. 2d 422, and cases cited; Jones v. Tallapoosa River Electric Cooperative, Inc., 271 Ala. 166, 123 So.2d 2. Nor is such a decree subject to review on assignments of error on appeal from the final decree. Long v. O'Mary, 270 Ala. 99, 116 So.2d 563, and cases cited.

The appeal from the decree of March 20, 1961, is dismissed. The decrees of February 25, 1961, and March 3, 1961, are affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.