James Donald BROWN, Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.

No. 25325.

United States Court of Appeals Fifth Circuit.

May 1, 1968.

James Donald Brown, pro se.

David U. Tumin, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

GODBOLD, Circuit Judge:

■ This appeal is from a denial of habeas corpus without an evidentiary hearing. The district court denied a hearing on the ground that the face of the petition showed all allegations to be without merit. The district court held appellant had exhausted his state remedies.[1]

■ At appellant's trial the jury was present when the trial judge heard the evidence on the issue of voluntariness of an incriminating statement, which it is contended does not meet the standards of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Florida follows the rule which requires this determination be made by the trial judge and not the jury. Bates v. State, 78 Fla. 672, 84 So. 373 (1919); Brown v. State, 181 So.2d 578 (Fla.App.1965). Since the judge, having heard the evidence, determined the statement was voluntary and admissible no prejudice resulted from the jury's also being present.

We are of the opinion that the allegations that illegal and false testimony was used, that the verdict was contrary to the great weight of the evidence, and hearsay evidence was admitted, do not require an evidentiary hearing, but that the other asserted grounds for relief are sufficiently stated to require an evidentiary hearing thereon.

■ On the issue of voluntariness the trial was prior to Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but after Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); hence *Miranda* standards are not ap-

---

1. The district court found "the face of the petition itself shows that petitioner exhausted his state remedies." The state attacks this conclusion on appeal, relying on Key v. Holman, 346 F.2d 153 (5th Cir. 1965). It contends appellant failed to appeal the denial of his petition filed pursuant to Fla.R.Crim.P. 1.850 (formerly Crim.Proc. Rule 1), 33 F.S.A. The record now before us reveals appellant's petition of March 24, 1967 was denied by the Circuit Court for Leon County on the ground it raised "questions heretofore adjudicated." On April 11, 1967 the Supreme Court of Florida, Brown v. State, 201 So.2d 458, denied "a petition for writ of habeas corpus." The Leon County court denied another petition on April 14, 1967 on the ground it had already ruled on all questions properly presented. None of these orders give any indication of the issues presented to the state courts. In its present state the record does not permit us to rule on the exhaustion of state remedies, for it leaves open the questions of the relationship of the various orders entered after appellant's Rule 1 motions and of which of the issues presented to the federal district court had previously been raised in the state courts. On remand we leave open the question of exhaustion, to be determined by the district court in light of a complete record to be developed in the course of an evidentiary hearing on appellant's petition.

plicable except as part of the overall circumstances of determining voluntariness. Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966).

Reversed and remanded for further proceedings not inconsistent with this opinion.