213 So.2d 566

**Lawrence Erskine TAYLOR**

v.

**STATE of Alabama.**

**6 Div. 241.**

Supreme Court of Alabama.

Aug. 15, 1968.

568

Lawrence Erskine Taylor, pro se, and John Golden, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

LAWSON, Justice:

A jury of Jefferson County, Alabama, found Lawrence Erskine Taylor guilty of the second degree murder of James W. Rule and fixed his punishment at imprisonment for the term of eighty years. Judgment and sentence were in accord with the jury's verdict. Taylor has appealed.

Rule died as a result of multiple head injuries which he received on Christmas Eve, 1964, during the course of a robbery.

On February 5, 1965, a grand jury of Jefferson County returned an indictment against Taylor, charging him with the first degree murder of Rule.

Taylor was arraigned on February 26, 1965. He entered a plea of not guilty. He was represented at arraignment by an employed attorney.

On the day set for the trial of the case, Taylor filed a plea of misnomer, claiming that he was not Lawrence Erskine Taylor but was Lawrence Erskine Taylor, Jr. The State filed a demurrer to the plea of misnomer, which was sustained by the trial court without reversible error. The word "Junior" or "Jr.," or words of similar import, are ordinarily mere matters of description, and no part of the person's legal name.—Worley v. Worley, 273 Ala. 505, 142 So.2d 679, and cases cited; 42 C.J.S. Indictments and Informations § 142, p. 1050; 31 C.J., Indictments and Informations, § 272, p. 729.

The trial began on May 17, 1965, and was concluded on May 20, 1965, the day on which the judgment here under review was entered. Taylor's employed counsel was present throughout the trial. From the judgment rendered on May 20, 1965, Taylor appealed to this court.

Taylor has been furnished a free transcript of the proceedings below. He has filed briefs and a brief has been filed on his behalf by the attorney who represented him in the trial court, who was appointed to represent him on this appeal.

On the same day Taylor was indicted, February 5, 1965, the grand jury of Jefferson County returned a separate indictment charging one Harold Raymond Leonard, Jr., called Jimmy by his friends, with the first degree murder of Rule.

Leonard was convicted of first degree manslaughter and his punishment fixed at imprisonment in the penitentiary for a period of ten years. Leonard appealed to the Court of Appeals, which court reversed the judgment appealed from on the ground that the trial court erred in refusing to give the affirmative charge in favor of Leonard in that the State produced no evidence which tended to connect Leonard with the killing of Rule except the testimony of two accomplices, Wayne Weldon

and Richard Hite(s).—Leonard v. State, 43 Ala.App. 454, 192 So.2d 461.

Weldon and Hites were witnesses for the State in the case at bar and their testimony is in all material respects the same as given by them in the Leonard case, supra. The testimony in the Leonard case is summarized and quoted in the opinion in that case and need not be repeated here. We will observe, however, that the testimony of Weldon and Hites shows that if they were accomplices of Leonard they were also accomplices of Taylor.

The only evidence offered by the State in this case which tends to connect Taylor with the killing of Rule, in addition to the testimony of Weldon and Hites, is a confession which a detective of the City of Birmingham, Albert Wallace, claimed that Taylor made to him.

It has been held that a confession by an accused may be sufficient corroboration of an accomplice to authorize a conviction.— English v. State, 38 Ala.App. 377, 84 So.2d 673; Clark v. State, 35 Ala.App. 60, 43 So.2d 431; Harris v. State, 32 Ala.App. 519, 27 So.2d 794; Moore v. State, 30 Ala. App. 304, 5 So.2d 644.

But appellant insists that the trial court erred in admitting the alleged confession into evidence.

The rule is that extrajudicial confessions are prima facie involuntary and inadmissible and the duty rests in the first instance on the trial court to determine whether or not a confession is voluntary, and unless it so appears it should not be admitted.—Duncan v. State, 278 Ala. 145, 176 So.2d 840, and cases cited.

Early on Christmas morning of 1964, a few hours after Rule was assaulted and beaten, Taylor left Birmingham by bus. He arrived in Ocala, Florida, where his father lived, on the same day. On January

15, 1965, Detective Wallace took Taylor in custody in a sheriff's office in Dublin, Georgia. Shortly thereafter Detective Wallace and Taylor left Dublin, Georgia, for Birmingham in an automobile driven by Birmingham Police Lieutenant Rouse. According to Wallace, Taylor made a confession to him in the automobile as it was being driven to Birmingham by Lieutenant Rouse.

During the examination of Wallace, which examination occurred in the presence of the jury and before the confession was admitted into evidence, the State adduced from Wallace evidence tending to show that before Taylor made the statement to him no threat was made against Taylor; that he was not told it would be better for him to make a statement or that it would be worse for him if he did not make a statement; that no reward was offered or held out to Taylor to get him to confess. Counsel for Taylor was not denied the right to examine the witness Wallace, and since no evidence was offered by Taylor to contradict the testimony of Wallace as to the voluntary nature of the confession, it was admitted in evidence over Taylor's objection.

■ The questioning of Taylor by Wallace was a "custodial interrogation" in that Taylor was at the time in the custody of the two law enforcement officers. The State produced no evidence to the effect that prior to the questioning Taylor was warned that he had a right to remain silent; that any statement he made could be used as evidence against him and that he had a right to the presence of an attorney either retained or appointed before making a statement. Consequently the appellant, Taylor, contends on this appeal that the trial court erred in admitting the alleged confession into evidence under the holding of the Supreme Court of the United States in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The trial of this case, as we have heretofore shown, began on May 17, 1965, and *Miranda* was

decided on June 13, 1966, and the Supreme Court of the United States in Johnson v.. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, decided on June 20,. 1966, held that *"Miranda* applies only to· cases in which the trial began after the· date of our decision one week ago." See Eaton v. State, 280 Ala. 659, 197 So.2d 761, and cases cited; and Smith v. State, 282. Ala. 268, 210 So.2d 826.

■ Appellant also contends that under the holding of the Supreme Court of the United States in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977, the trial court erred in admitting the alleged confession into evidence. *Escobedo* was decided by the Supreme Court of the United States on June 22, 1964, and affects those cases in which the trial began after that date.—Johnson v. State of New Jersey, supra. So *Escobedo* affects this case.

The opening paragraph of the opinion in *Escobedo,* supra, reads:

"The critical question in this case is whether, under the circumstances, the refusal by the police to honor petitioner's request to consult with his lawyer during the course of an interrogation constitutes a denial of 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799, and thereby renders inadmissible in a state criminal trial any incriminating statement elicited by the police during the interrogation." 378 U.S. 479, 84 S.Ct. 1759.

Later on in the opinion the Court said:

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into

police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S., at 342, 83 S.Ct. at 795, and that no statement elicited by the police during the interrogation may be used against him at a criminal trial." 378 U.S. 490–491, 84 S.Ct. 1765.

The opinion concludes with this sentence:

" * * * We hold that only when the process shifts from investigatory to accusatory—when its focus is on the accused and its purpose is to elicit a confession—our adversary system begins to operate, and, under the circumstances here, the accused must be permitted to consult with his lawyer." 378 U.S. 492, 84 S.Ct. 1766.

In Duncan v. State, 278 Ala. 145, 176 So.2d 840, we followed those courts which had held that *Escobedo* is a controlling precedent only in cases where the factors specified in *Escobedo* are present.

In this case the evidence shows that Wallace had been told by Taylor's mother in Taylor's presence in Dublin, Georgia, that she had employed a lawyer in Birmingham to represent Taylor and that the lawyer so employed had advised her to have Taylor waive extradition. So we have a situation where a lawyer had been employed to represent the appellant at the time the confession was made. The lawyer was in Birmingham and consequently was not available to the appellant when the confession was made in the automobile as it

proceeded from Dublin, Georgia, to Birmingham. But there is no evidence going to show that the appellant, Taylor, who knew that a lawyer had been employed to represent him, stated that he did not want to be interrogated in the absence of his lawyer. We hold, therefore, that the holding of the Supreme Court of the United States in *Escobedo* did not render the confession inadmissible.

We have heretofore indicated that the question as to the voluntariness of the confession was presented in the presence of the jury. No request was made by counsel for Taylor that such hearing be held outside the presence of the jury and there was no contradiction of the testimony adduced in the presence of the jury relative to the voluntariness of the confession and no effort was made by counsel for Taylor to present any witness, the defendant or others, to rebut the testimony presented by the State relative to the voluntariness of the confession. The trial court's conclusion that the confession was voluntary appears in this record with unmistakable clarity. We hold, therefore, that the record before us fails to show any violation of the rule pronounced by the Supreme Court of the United States in the case of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, as construed and applied in Sims v. State of Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593.—Duncan v. State, supra; Brown v. Wainwright, 394 F.2d 153, decided by the United States Circuit Court of Appeals for the Fifth Circuit on May 1, 1968.

Mindful of our duty in cases of this character, we have examined the record for any reversible error, whether pressed upon our attention or not. We find no reversible error in the record and the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.