248 So.2d 154

**Lawrence Erskine TAYLOR**

**v.**

**STATE.**

**6 Div. 103.**

Court of Criminal Appeals of Alabama.

March 2, 1971.

Rehearing Denied April 6, 1971.

Fred Blanton, Birmingham, for appellant.

Petitioner alleges that his rights to due process and equal protection of law, as guaranteed by the Fourteenth Amendment of the United States Constitution were violated at his original trial, viz.

1. Petitioner was not represented by adequate and effective counsel at his trial and on appeal.

2. No independent hearing outside the presence of the jury as to whether or not the confession was voluntary was held but instead the trial judge allowed the jury to hear the evidence adduced by the prosecution.

3. The admission into evidence over objection of an incriminating statement made by an accused, who had counsel, in the custody of police officers where the police officers during a long automobile journey interrogated accused; where the accused could not have availed himself of counsel through no fault of his own; where accused was not advised by the police officers of his absolute right to remain silent, was a denial of the right of petitioner to counsel and to remain silent.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

The allegation of inadequacy of counsel was withdrawn by petitioner in the court below and is not presented for consideration on this appeal.

PRICE, Presiding Judge.

This is an appeal from denial of coram nobis.

■ Appellant's contention that his constitutional rights were violated by the failure of the judge at his original trial to hold a hearing outside the presence of the jury on the issue of the voluntariness of the confession was raised and fully reviewed on appeal. Taylor v. State, 282 Ala. 567, 213 So.2d 566. The petitioner was not entitled to the writ on this ground of his petition. Ex parte Rudolph, 276 Ala. 392, 162 So.2d 486; Ex parte Ellis, 41 Ala.App. 253, 128 So.2d 108.

The petitioner was convicted of second degree murder and sentenced to eighty years in the state penitentiary on May 20,

1965. On appeal to the Supreme Court the judgment was affirmed. Taylor v. State, supra. Justice Lawson, speaking for the court said:

"* * *. But there is no evidence going to show that the appellant, Taylor, who knew that a lawyer had been employed to represent him, stated that he did not want to be interrogated in the absence of his lawyer. We hold, therefore, that the holding of the Supreme Court of the United States in Escobedo did not render the confession inadmissible."

 It is argued that the original trial was governed by the rule of Fikes v. Alabama, 263 Ala. 89, 81 So.2d 303, to the effect that defendant was not entitled to take the stand for the limited purpose of refuting the state's allegations with respect to the voluntary nature of the confession without subjecting himself to inquiry on other matters, especially where the defendant failed to inform the trial court what facts he expected to prove, and that Duncan v. State, 278 Ala. 145, 176 So.2d 840, which relaxed the rule of Fikes, did not become the law of Alabama until after the original trial of this case.

*Duncan*, supra, holds only that a defendant may take the stand and testify on the issue of voluntariness at a hearing on that issue held outside the presence of the jury, without waiving his right to decline to take the stand in his own defense on the trial in chief, as no request was made at the original trial for a hearing outside the presence of the jury, the subsequent decision in *Duncan* cannot be read to entitle petitioner to a reexamination of the issue of voluntariness of the confession. It is a well established rule that a writ of error coram nobis is not intended to relieve a party from his own negligence, and that facts known to the accused at the time of trial and not brought to the court's attention through his negligence affords no ground for relief. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659.

The contention that the trial court failed to make a formal determination relative to the voluntariness of the confession is without merit. The admission of the confession amounts to a finding that the confession was voluntarily made. Blackburn v. State, 40 Ala.App. 116, 109 So.2d 736; Pittman v. State, 36 Ala.App. 179, 54 So.2d 630.

The opinion of the Supreme Court on the appeal from the judgment of conviction recites:

"The trial court's conclusion that the confession was voluntary appears in this record with unmistakable clarity."

Taylor v. State, 282 Ala. 567, 213 So.2d 566.

Affirmed.