259 So.2d 869

**Ike KELLAM**
v.
**STATE.**
**8 Div. 164.**

Court of Criminal Appeals of Alabama.
March 28, 1972.

James Francis, Decatur, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The defendant, Ike Kellam, was tried and convicted, upon an indictment charging murder in the first degree, of murder in the second degree and sentenced to ten years in the state penitentiary. The evidence was entirely circumstantial. Appel-

lant challenges its sufficiency by a motion for a new trial.

The state's evidence is as follows: Deceased sold bootleg liquor in her home. Several witnesses testified to the defendant's presence in the duplex apartment with the deceased the evening of the killing. The defendant and the deceased argued and scuffled. Defendant was the last person seen with the deceased. One witness testified to having left for ten minutes and on his return met the defendant a block from deceased's apartment, yelling "like Tarzan." He went on to deceased's home and saw her lying on the floor. Immediately preceding the gun shot in deceased's home, her neighbor in the duplex testified to observing a man dressed in a coat and overalls standing on the porch arguing with defendant. The defendant was arrested within the hour dressed in overalls and a coat. He had on his person a pistol which smelled as if it had recently been fired. Empty shells were found on the premises of the defendant's home by officers who testified that in their opinion the shells were recently fired. The deceased was shot through the eye, the bullet exited through the top of the head and was never found. There was also a bullet hole in the ceiling. Upon arrest the defendant, not in response to questioning, volunteered the statements, "I should have done what I started to do, then I would be dead, too," and "I told her I would do it."

No evidence was introduced in defendant's behalf. In this case the circumstantial evidence not only conclusively points to the defendant but precludes any reasonable hypothesis of someone else being the guilty agent. Bluth v. State, 38 Ala.App. 692, 92 So.2d 685. Where evidence supports a verdict of guilty the court of criminal appeals will not disturb a ruling of the trial court in denying a motion for a new trial.

Affirmed.

CATES, ALMON and TYSON, JJ., concur.