302 So.2d 126

**Edna Lee JONES**

v.

**STATE.**

**8 Div. 370.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Charles A. Thigpen, Sp. Asst. Atty. Gen., Tuscaloosa, for the State.

HARALSON, Supernumerary Circuit Judge.

The appellant was indicted for murder in the first degree, tried and convicted for manslaughter in the first degree, and sentenced to imprisonment in the penitentiary for five years.

As a defense she entered the pleas of not guilty and not guilty by reason of insanity.

It appears to the court that appellant in brief relies on two propositions for reversal in this case. First, that the court excused several jurors outside of the presence of the appellant in open court; and second, that the court erred in allowing state's witness, Jesse M. York, a funeral director who prepared the body of the deceased person, to testify that her death was a result of gunshot wounds.

On the day of trial, the court organized the jury that had been summoned for service. Several jurors asked to be excused and apparently presented their excuses in open court. Before acting upon these requests the court, accompanied by the District Attorney, the appellant's coun-

John D. Cates, Jr. and Walter L. Allen, Jr., Montgomery, for appellant.

sel, and court reporter, repaired to the anteroom to consider the requests. During this conference, which was not in the presence of the appellant, who had remained in the courtroom, the court considered the requests with the District Attorney and the appellant's counsel. In some cases appellant's counsel made no objections to the excusing of certain jurors, but did object to the court's action in excusing others. In one instance the court, along with the attorneys and the court reporter, went downstairs to interview a juror who was physically unable to climb the stairs to the courtroom. This juror was excused in the sheriff's office over the objections of the appellant's attorney.

Immediately afterward, the judge re-entered the courtroom along with the attorneys and the court reporter. In the presence of the appellant, he formally announced the excusal of several of the jurors, but failed to include the names of one or more who had apparently been excused in the anteroom or the sheriff's office, all over objection of appellant's attorney.

Before proceeding with the selection of the jury, appellant filed a motion to quash the entire venire on the grounds that the court's action in excusing the jurors outside the presence of the appellant was error.

█ Title 30, Sections 63 and 64, Code of Alabama 1940, Recompiled 1958, sets out the procedure for the ordering, drawing, summoning, organization, and examination of a special venire in a capital case and the mode of striking a jury. Our appellate courts have long held that in the organization of a jury in a capital case under these sections, the defendant has a right to be present when any excuses are presented by the jurors seeking to be relieved from jury duty, and when such request is granted by the court, a failure to observe this rule is reversible error. Foreman v. State, 50 Ala.App. 236, 278 So.2d 238; Thigpen v. State, 49 Ala.App. 233,

270 So.2d 666; Draper v. State, 250 Ala. 679, 36 So.2d 73; Lassiter v. State, 36 Ala.App. 695, 63 So.2d 222.

It is now familiar law that our courts have recognized since the case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, that the death penalty in a capital case has been abrogated and is no longer enforceable. Hubbard v. State, 290 Ala. 118, 274 So.2d 298. In the recent case of Buchanan v. State, 50 Ala.App. 656, 282 So.2d 95, wherein the death penalty had been imposed in a conviction for first degree murder, this court speaking through Judge Cates, P. J., said:

"We have reviewed the entire record under the requisites of T. 15, § 389 of the Code, rather than under the Automatic Appeal Act. (T. 15, § 382(1)–382(13). We have pretermitted review under the latter statute because in this case Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, has intervened since the instant case was submitted to us. We think that the Furman opinion renders academic the use of the Automatic Appeal Act since the death penalty can no longer be exacted until further legislative action, if any, by the Legislature of Alabama."

Since the death sentence in the instant case could not be legally imposed on the appellant, we think a review of the action of the court in excusing the jurors outside the presence of the appellant as required under Title 30, Sections 63 and 64, is no longer necessary and the question with which we are concerned is academic at the present time.

█ We further think the court's action in excusing jurors, even in cases formerly considered as capital, is now only governed by Title 30, Section 5, Code of Alabama, 1940, Recompiled 1958. It follows in our view of this matter, there was no error committed in this respect and the motion to quash the venire was properly overruled.

It further appears that under the holding in Carr v. State, 23 Ala.App. 584, 129 So. 484, and the cases cited therein, that since the appellant was convicted of manslaughter in the first degree rather than murder in the first degree that he cannot complain of any error, if there was error "having regard soley to the charge of murder in the first degree."

As to appellant's second proposition, there was no error in admitting the funeral director's testimony that the gunshot wounds found on the body of deceased caused her death.

It is true that the mere fact that a person is a funeral director or holds the office of coroner does not qualify him to express an opinion as to the cause of death, nor is he considered an expert witness unless shown to be qualified by training and experience.[1]

In Hicks v. State, 247 Ala. 439, 441, 25 So.2d 139, 140, the court said, "The nature of a wound or injury, its probable cause and effect can be stated by expert medical witnesses, or witnesses shown to be familiar with such questions; such as, an undertaker or others showing competency. * * *"

Justice Lawson stated in Smith v. State, 282 Ala. 268, 210 So.2d 826, as follows:

"The question as to whether a witness is shown to possess the requisite qualifications is a preliminary question said to be largely within the discretion of the trial court. Hicks v. State, supra; Wilson v. State, 243 Ala. 1, 8 So.2d 422; DeSilvey v. State, 245 Ala. 163, 16 So.2d 183; Willingham v. State, 261 Ala. 454, 74 So.2d 241."

Our examination of the entire record in this case has revealed no error to reverse, and the case is due to be affirmed.

The foregoing opinion was prepared by the Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.

---

1. Cobb v. State, 50 Ala.App. 707, 282 So.2d 327.