CATES, Presiding Judge.
This is an appeal from a decision below turning down a petition for coram nobis.
The conviction was reviewed by this Court and affirmed without opinion in Humphrey (6 Div. 533) July 30, 1974.
In the post conviction hearing an apparent infirmity in one of two search warrants was stressed. Can a coram nobis proceeding reach such an assumed error?
We think not unless the other elements of coram nobis cause of action are proved. See Woodard v. State, 42 Ala.App. 552, 171 So.2d 462, particularly fn. 3 as to prior knowledge of the defendant at time of trial.
Along this line the Assistant Attorney General advances the following:
“ * * * a Writ of Error Coram No-bis is not intended to relieve a party of his own negligence, and cites as applicable authority those decisions of the Alabama Appellate Courts which state that facts known to the accused at the time of trial, or which could have reasonably been discovered within the time for taking direct appeal, afford no grounds for relief. Seagroves v. State, 53 Ala.App. 481, 301 So.2d 245 (1974); Taylor v. State, 46 Ala.App. 659, 248 So.2d 154 (1971); Adams v. State, 281 Ala. 432, 203 So.2d 448 (1967); Eagen v. State, 280 Ala. 438, 194 So.2d 842 (1967). The State submits that even had the Defendant-Petitioner prevailed in his ‘invalid warrant’ argument there is nothing about the nature of the warrants admitted into evidence at the hearing which was not apparent to the Defendant-Petitioner and his attorney at trial and upon appeal from the Circuit Court conviction.”
Furthermore, nothing appears that appellant claims he was innocent.
The judgment below is
AFFIRMED.
All the Judges concur.