[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 981 
The appellant was indicted by a grand jury of Bullock County, Alabama, for the first degree murder of Rufus Pickett "by shooting him with a gun or pistol". A jury found the appellant guilty of murder in the second degree and set her punishment at twenty years in the state penitentiary. Accordingly, the trial court entered judgment and sentence. Following conviction and notice of appeal, the trial court determined the appellant to be indigent and appointed her privately retained trial counsel to represent her on appeal.
The evidence presented at trial showed that the deceased, Rufus Pickett, was a "friend" and one-time companion of the appellant and the father of one of her two children. In March of 1976, Mr. Pickett came to the appellant's home in Fitzpatrick, Alabama, and requested that the appellant return a television set which, according to the appellant, he had given her as a present several months earlier. The appellant told him that he wasn't going to get the T.V. and an argument ensued. During the course of this argument Mr. Pickett pushed the appellant onto a sofa and twisted her arm.
Pickett grabbed the television and ran out of the house. The appellant ran after him carrying a .22 caliber rifle which she retrieved from one of the bedrooms. Pickett ran around the house three times and then headed for the pasture laughing all the while. However, the appellant had been running after Pickett "trying to make him to put the television set back in the house". Before Pickett had gone more than one hundred yards out into the pasture the appellant fired. Pickett turned and fell, telling the appellant that she had shot him.
Pickett's body was found by the sheriff who observed the appellant leaning over the body and a rifle and television set lying nearby. A deputy coroner testified that death resulted from severe hemorrhage caused by a gunshot wound in the back.
 I
The appellant complains of several errors committed by the trial court upon which this case must be reversed. Initially, the appellant contends that it was error to *Page 982 
allow the deputy coroner to testify as to his opinion regarding cause of death without being qualified as an expert.
It is true, as asserted by the appellant, that the mere fact that a person holds the office of coroner does not qualify him to express an opinion as to the cause of death, nor is he considered an expert witness unless shown to be qualified by training and experience. Carter v. State, 53 Ala. App. 248, 298 So.2d 668
(1974); Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968); Jonesv. State, 53 Ala. App. 542, 302 So.2d 126 (1974); Page v. State,41 Ala. App. 153, 130 So.2d 220, cert. denied, 273 Ala. 5,130 So.2d 227 (1961).
The general rule is that the competence of an expert witness to testify is an inquiry substantially within the discretion of the trial judge. This court, on appeal, will not disturb the trial judge's determination of expert qualifications unless there is a clear abuse of this discretion. Cobb v. State, 50 Ala. App. 707,282 So.2d 327 (1973); Luckie v. State, 55 Ala. App. 642,318 So.2d 337, cert. denied, 294 Ala. 764, 318 So.2d 341 (1975).
A deputy coroner may render an opinion as to the cause of death where it is shown by preliminary examination that he is qualified by knowledge and experience to give such an opinion. Snow v.State, 50 Ala. App. 381, 279 So.2d 552 (1973); Willingham v.State, 50 Ala. App. 363, 279 So.2d 534 (1973); Hicks v. State,247 Ala. 439, 25 So.2d 139 (1946). The criterion for the admission of expert testimony is that the witness, by study, practice, experience, or observation as to the particular subject, should have acquired a knowledge beyond that of the ordinary witness.White v. State, 294 Ala. 265, 314 So.2d 857 (1975). The record before this court indicates that the witness had been a deputy coroner of the county for two years; that he had "observed, as (his) initial duties, bodies"; and that prior to becoming coroner he had had some "education and training on determining cause of death" at Jacksonville State Junior College.
Considering the facts that the appellant admitted chasing the deceased with a rifle and that she "guessed" she shot him, plus her testimony that the deceased told her that she had shot him, we do not think there was error in allowing the deputy coroner to give his opinion as to the cause of death. Ward v. State,44 Ala. App. 229, 206 So.2d 897 (1966); Alabama Rules of Appellate Procedure, Rule 45. Additionally, the deputy coroner was shown by study and experience, though somewhat minimal, to have acquired a knowledge beyond that of the ordinary layman. Thus we cannot say that the trial judge abused his discretion in allowing him to testify.
 II THE CONFESSION
The appellant insists that the trial court committed reversible error in admitting in evidence an extrajudicial confession made by the appellant. It is true than an extrajudicial confession is prima facie involuntary and inadmissible, and the duty rests in the first instance on the trial court to determine whether or not the confession is voluntary and unless it so appears, it should not be admitted. Duncan v. State, 278 Ala. 145, 176 So.2d 840
(1965); Ballard v. State, 51 Ala. App. 393, 286 So.2d 68, cert. denied, 291 Ala. 772, 286 So.2d 72 (1973).
The record reflects that before the confession was admitted, a deputy sheriff testified that he had an occasion to talk to the appellant in the Sheriff's office concerning the shooting; that he did not promise, threaten, or coerce her in any way to make a statement; and that he advised the appellant "of her rights that she could make a statement or not make a statement and have a lawyer". The state then introduced a typewritten form entitled "Waiver Of Counsel By Defendant In Custody" acknowledging that the appellant had been advised of her specific constitutional rights and waived them, had knowingly and intelligently waived her right to counsel, and had knowingly and voluntarily made the statement to the officers. This form was *Page 983 
signed by the appellant. No objection was interposed to its admission by counsel for the appellant.
 A.
All of the testimony concerning the voluntariness of the confession of the appellant was taken in the presence of the jury. While the proper procedure for determining the admissibility of a proposed confession is for the defense attorney to move to suppress and for the trial court to hold a voir dire examination outside the presence of the jury, the failure to do so in the instant case was not error. Pinto v.Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967). Here, as in Taylor v. State, 282 Ala. 567, 213 So.2d 566, cert. denied, 393 U.S. 1102, 89 S.Ct. 903, 21 L.Ed.2d 795 (1968), the question as to the voluntariness of the confession was presented in the presence of the jury. No request was made by appellant's counsel that such hearing be held outside the presence of the jury and there was no contradiction of the testimony adduced in the presence of the jury relative to the voluntariness of the confession. No effort was made by counsel for the appellant to present any witness, the defendant or others, to rebut the testimony presented by the state relative to the voluntariness of the confession. Taylor, supra,282 Ala. at 571, 213 So.2d 566. There is no reversible error in failing to hear evidence on the voluntariness of the confession outside the presence of the jury where there is no request for a hearing and there is no conflict in evidence as to the voluntariness on the main trial. Vincent v. State, 284 Ala. 242, 224 So.2d 601 (1969); Duncan v. State, 278 Ala. 145,176 So.2d 840 (1965); Tiner v. State, 279 Ala. 126, 182 So.2d 859
(1966); Freeman v. State, 46 Ala. App. 640, 247 So.2d 682
(1971).
After the state has established prima facie admissibility of a confession by laying the Miranda and pre Miranda predicates, there is no duty on the trial court ex mero motu to withdraw the jury where the accused has not made a motion to do so.Johnson v. State, 56 Ala. App. 627, 324 So.2d 341 (1975); Lovev. State, 44 Ala. App. 85, 203 So.2d 140 (1967).
 B.
While counsel for the appellant did not object, and specifically so stated, to the introduction of the signed waiver of rights form, he did object to an admission of the actual confession on the grounds that (1) the state did not show when, where and who was present when the confession was given and (2) because the state had failed to prove the corpus delicti of the charged crime. In the brief on appeal, the appellant argues that after the confession was admitted, on cross examination of the deputy sheriff it appeared that someone else was present during the period of time that the appellant was being questioned. The waiver itself affirmatively reflects the fact that another officer was present during the confession as at the end of the waiver appears the following, "Witnessed by: Cpl. A.G. Tew". Under the signature of the appellant Deputy Sheriff Cole signed a statement acknowledging that he had advised and explained the constitutional rights listed on the waiver to the appellant and she had voluntarily waived those rights. Included in the paragraph was the following statement:
 "No threats, promises, tricks, or persuasion were employed by me or anyone in my presence to induce him to waive his rights to an attorney and to make a statement without an attorney." (Emphasis added)
Thus under the circumstances of this case, the state presented the proper foundation for the admission of the confession and a proper showing that it was freely and voluntarily given.
 C.
Finally, the appellant claims that the confession should not have been admitted because the corpus delicti of the murder had not been proven. It is, of course, well established that a confession without independent evidence of the corpus delicti is not sufficient to support conviction *Page 984 
and the burden is upon the state to prove the corpus delicti independently of the confession. King v. State, 49 Ala. App. 111, 269 So.2d 130 (1972); Robinson v. State, 45 Ala. App. 74,224 So.2d 675 (1969). The appellant contends that in a prosecution for murder, in order to establish the corpus delicti, it is the duty of the state to offer evidence tending to establish a causal connection between the criminal agency of the accused and the death of the deceased. This argument is based on a misunderstanding of the law. For the purpose of introducing the confession of a defendant, ordinarily the corpus delicti is not composed of that element of the crime commonly called the agency of the defendant. Parker v. State,40 Ala. App. 244, 112 So.2d 493, cert. denied, 269 Ala. 699,112 So.2d 496 (1959). Proof of the corpus delicti does not necessarily include evidence connecting the defendant with the crime. The term corpus delicti means the body or the substance of the crime and connotes the commission of the offense by the criminal agency of someone. Tanner v. State, 57 Ala. App. 254,327 So.2d 749 (1976); Arnold v. State, 57 Ala. App. 172,326 So.2d 700 (1976); Beans v. State, 36 Ala. App. 65, 52 So.2d 238
(1951).
 "To make a confession of guilt by the defendant admissible, it is not necessary that there be evidence connecting the defendant with the crime, the requisite being that the evidence show that the deceased died from force unlawfully applied — that is, that death was not the result of natural causes, accident or suicide, but the criminal agency of another." Peoples v. State, 256 Ala. 612, 56 So.2d 665 (1952).
Before a confession may be admitted, it is not incumbent upon the state to introduce evidence tending to identify the accused as the guilty agent applying the unlawful force causing death.Jones v. State, 260 Ala. 341, 70 So.2d 629 (1954); Gaddis v.State, 39 Ala. App. 630, 106 So.2d 268 (1958).
The evidence presented by the state tended to show that the deceased suffered a wound in his back resulting from a gunshot. A .22 caliber rifle was found at the scene of the crime. Thus the state proved the fact of death feloniously caused. This evidence was ample in its tendencies to satisfy the burden cast upon the state to establish the corpus delicti. Duck v. State,38 Ala. App. 652, 92 So.2d 55 (1957).
 III
The motion to exclude the state's evidence filed by the appellant was properly overruled by the trial court. This court has previously demonstrated that the state met its burden of proving the corpus delicti in this case. There was a reasonable inference of the existence of the corpus delicti which could be inferred from the evidence. Thus the court was bound to submit the sufficiency and weight of the evidence tending to support that inference to the jury. Davis v. State, Ala.Cr.App.,331 So.2d 813 (1976); Welden v. State, 57 Ala. App. 379,328 So.2d 630 (1976).
 IV CHARGES TO THE JURY A.
In its oral charge to the jury, the trial court stated:
 ". . . The law presumes malice from the use of a deadly weapon unless the evidence which proves the killing shows also that it was done without malice. . . . For instance, if a killing is done with a deadly weapon, such as a rifle, the law authorizes the jury to presume malice from the killing unless the evidence which proves the killing shows that it was done without malice."
The appellant took exception to and cites error on this portion of the court's charge on the ground that by giving this instruction, the court did not leave the jury the discretion of inferring malice but stated that malice was presumed. The appellant alleges that a proper charge would read that the jury may infer, not presume, malice from the use of a deadly weapon. The trial court will not be put in error as its charge was correct. Stidwell v. State, *Page 985 107 Ala. 16, 19 So. 322 (1894) (infers); Heningburg v. State,153 Ala. 13, 45 So. 246 (1907) (presumes); McDowell v. State,238 Ala. 482, 191 So. 894 (1939) (presumes); Newsom v. State,15 Ala. App. 43, 72 So. 579 (1916); Barber v. State, 22 Ala. App. 322,116 So. 322, cert. denied, 217 Ala. 330, 116 So. 323
(1928). The contention of the appellant is perhaps best answered by the case of Humber v. State, 19 Ala. App. 451,99 So. 68 (1923) wherein the following charge was refused by the court as being misleading and not correctly stating the law:
 "The court charges the jury that malice as applied to cases of murder is in law the killing of a human being without legal justification, excuse or extenuation; that malice is an inferential fact and is inferred from facts and circumstances positively proven and may be inferred from the intentional use of a deadly weapon, but malice as an ingredient of murder cannot be presumed from intentional use of a deadly weapon when the same is used only in self-defense, as self-defense has been defined and charged to you by the court."
 B.
The appellant cites the trial court for error in refusing to give the following requested charge:
 "The Court charges you, Gentlemen of the Jury, that if you believe the evidence in this case that the evidence establishes mere negligence on part of the defendant on the occasion of the deceased's death, and nothing else but mere negligence, then you must find the defendant not guilty."
The appellant's authority for this requested charge is Crisp v.State, 21 Ala. App. 449, 109 So. 282 (1926). Crisp involved a prosecution for second degree manslaughter by striking the deceased with an automobile. There it was held that the refusal to instruct that mere negligence is not a basis for finding the accused guilty of second degree murder was error. The basis for this holding is the principle that proof that shows no more than the death of a person resulting from a violation of a speed regulation is wholly insufficient to authorize a conviction for manslaughter in the second degree. In Crisp, the crime was predicated upon negligence in the performance of a lawful act. Here, the facts reveal a homicide in the commission of an unlawful act not amounting to a felony. See Title 14, Section 167, Code 1940, making it a misdemeanor for anyone to point a firearm at another.
Here the appellant testified that she did not intentionally point the rifle at the deceased, that she did not remember pulling the trigger, and that she did not intend to kill him. The state's evidence tended to show that the appellant fired twice and shot the deceased at some distance. These two factors indicate that the shooting was intentional. The refused charge was properly refused because it ignored the question of whether the appellant was intentionally pointing the rifle at the deceased. If she was, then she would be guilty of at least involuntary manslaughter, even though the firing of the rifle was without purpose or motive, but was accidental. Campbell v.State, 13 Ala. App. 70, 69 So. 322 (1915); Fitzgerald v. State,112 Ala. 34, 20 So. 966 (1895); Bynum v. State, 8 Ala. App. 79,62 So. 983 (1913); Henderson v. State, 98 Ala. 35, 13 So. 146
(1893). The requested charge was properly refused because it was not a full and correct statement of the law under the facts and because it ignores a portion of the evidence. C.
The appellant also urges reversal on the refusal of the trial judge to instruct the jury on the effect of proof of good character taken in connection with all the evidence. The identical charge requested by the appellant was approved inClayton v. State, 23 Ala. App. 150, 123 So. 250 (1929), see23 Ala. App. at 151, Charge No. 53, 123 So. at 251. It is fundamental that upon proof of good character an accused is entitled to have the jury instructed as to the effect of this type of evidence when taken in connection with all the other *Page 986 
evidence. Kilpatrick v. State, 37 Ala. App. 165, 66 So.2d 441, cert. denied, 259 Ala. 212, 66 So.2d 445 (1953). We hold that the trial judge will not be put in error for refusing to give the requested charge because the same principle of law was covered and more clearly stated in another written charge given at the request of the appellant. Ball v. State, 51 Ala. App. 270, 284 So.2d 296 (1973); Kilpatrick, supra.
 V
As there was substantial evidence tending to make out a case against the appellant the request for the affirmative charge was properly refused. Cunningham v. State, 54 Ala. App. 656,312 So.2d 62 (1975). Where the evidence supports a verdict of guilty this court will not disturb a ruling of the trial court in denying a motion for a new trial. Kellam v. State,47 Ala. App. 660, 259 So.2d 869 (1972). The appellant's motion for new trial was properly denied.
Having reviewed the entire record as required by law we find no errors adverse to the rights of the appellant and this case is due to be, and is hereby
AFFIRMED.
All Judges concur.