Appellant was convicted in the District Court of Jefferson County for speeding. He appealed his conviction to the Jefferson Circuit Court where he was tried without a jury, found guilty, and fined $100.00 and costs.
The undisputed facts indicate that on August 6, 1980, at approximately 10:25 P.M., Officer Harry Stephen Lawson, a Jefferson County sheriff's deputy, observed and followed appellant, who was travelling at speeds above the posted limit on Old Highway 280 in Jefferson County for a distance of about 1.7 miles. At one time the appellant's speed exceeded seventy miles per hour. It was Deputy Lawson's testimony that, "After I turned the blue lights on he continued driving into Shelby County." Deputy Lawson followed appellant across the county line and arrested him approximately three-quarters of a mile into Shelby County.
 I
Appellant argues that his conviction for speeding must be overturned because, by virtue of § 15-10-1, Code of Alabama 1975, Jefferson County Deputy Lawson had no authority to arrest him in Shelby County. We disagree.
An officer may arrest without a warrant for an offense committed in his presence. § 15-10-3, Code of Alabama 1975. It is without dispute that appellant committed the speeding offense within the presence of Deputy Lawson and within Jefferson County.
Section 15-10-4, Code of Alabama 1975, qualifies the arrest power of officers outlined in §§ 15-10-1 and 15-10-3, Code, supra, by providing the following: *Page 415 
 "When arresting a person without a warrant, the officer must inform of his authority and the cause of arrest, except when the person is arrested in the actual commission of a public offense or on pursuit." [Emphasis added.]
It is our judgment that by the addition of the phrase "or on pursuit" in § 15-10-4, Code, supra, the legislature intended to create a pursuit exception to the general rule restricting a deputy's arrest authority to his own county. Compare Boswell v.State, 31 Ala. App. 518, 19 So.2d 94 (1944) (construing § 15-10-9, Code of Alabama 1975), to allow pursuit of an escaped arrestee across county lines).
Even assuming, however, that appellant's arrest was illegal, his subsequent conviction is not due to be overruled. Holloway v.State, 38 Ala. App. 501, 88 So.2d 700 (1956). In Holloway, the court observed the following:
 "However, admitting that the officers executing the warrant had no authority to arrest defendant outside the county without endorsement on the warrant as required by statute, the Inferior Court nevertheless acquired jurisdiction of appellant, and the fact that he may have been brought within the jurisdiction of the court after an unlawful arrest made in another jurisdiction, did not render the proceedings void in the Inferior Court."
It is well-settled that an illegal arrest or detention does not void a subsequent conviction. United States v. Crews,445 U.S. 463, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980); Rose v.Mitchell, 443 U.S. 545, 99 S.Ct. 2993, 3010-11, 61 L.Ed.2d 739
(1979) (Stewart, J., concurring); Gerstein v. Pugh, 420 U.S. 103,119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975); Frisbie v. Collins,342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Ker v. Illinois,119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886).
 II
Appellant contends that the complaint against him was fatally defective because it omitted the designation "Jr." From his name. This contention is without merit. The suffix "Junior" or "Jr." is merely a matter of description and not part of a person's legal name. Hembree v. City of Birmingham, Ala.Cr.App., 381 So.2d 664
(1980). A complaint omitting such a suffix is not subject to a plea of misnomer. Hembree, supra; Taylor v. State, 282 Ala. 567,213 So.2d 566 (1968).
We have searched the record and have found no error prejudicial to appellant. The judgment of conviction by the Jefferson Circuit Court is therefore affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON and BOOKOUT, JJ., concur.
BOWEN, J., concurs in result.